McCormack *et al. v.* Earhart, Administrator.

## No. 6901.

## McCormack et al. *v.* Earhart, Adm'r.

SUPREME COURT.—*Record must show Error.*—*Practice.*—Where an appellant asks the reversal of a judgment on account of any supposed error therein, the record of the cause filed in the Supreme Court must clearly show the existence of such error without the aid of any statement of extrinsic matter, not apparent in the record.

From the White Circuit Court.

*J. R. Carnahan* and *R. Gregory*, for appellants.
*S. P. Baird*, for appellee.

Howk, J.—This was a suit by the appellee against the appellants, to foreclose a mortgage executed by the appellants John P. McCormack and Sarah J. McCormack, his wife, on certain real estate in White county, and to collect the debt thereby secured. A large number of alleged junior incumbrancers were made defendants to the suit to answer as to their respective interests in the mortgaged premises. On the appellee's application, a receiver was appointed by the court to take charge of the property in controversy; and to collect and receive the rents and profits thereof, etc., pending the

litigation and until the further order of the court. Such proceedings were afterward had in the cause as that a judgment was rendered for the appellee for the amount due on the mortgage debt, and for the foreclosure of the mortgage and the sale of the mortgaged property. Afterward, on the 23d day of January, 1878, the appellant John P. McCormack, upon his affidavit then filed, moved the court in writing for the removal of the receiver theretofore appointed in this case, for the alleged reason that the legal and equitable cause and necessity for a receiver had ceased, in this, to wit: that the appellee was the owner of the premises, by virtue of the purchase thereof upon a sale made by the sheriff of White county, on the 10th day of January, 1878. This motion and the appellant's affidavit, upon which it was founded, were made parts of the record by a proper bill of exceptions.

In this court the following assignment of error is endorsed on the record: "The appellants say that there is manifest error in the foregoing record and judgment in this: The court erred in overruling the appellant's motion to remove the receiver appointed by the court in said action." This is the only error assigned by the appellants in this court; and of this supposed error the appellee's counsel, in his brief of this cause, correctly says: "The motion and the affidavit upon which it is based are made a part of the record by a bill of exceptions; but the ruling of the court on the motion nowhere appears in the record." For aught that appears in the transcript before us, the appellant's motion may have never been submitted to the trial court, or it may have been taken under advisement and still be pending and undetermined in that court. Of course, the probability is that the court overruled the motion, and that this ruling was excepted to by the appellants; and, perhaps, we might safely infer that these things had occurred in the circuit court; but the record of the cause, which imports to us "absolute verity,"

and by which the parties are bound and concluded, discloses nothing of the kind.

We are of the opinion that we cannot reverse the judgment below in this case upon a mere probability or a reasonable inference, or upon the statement of matter.*dehors* the record, either in the assignment of error, or in the brief of counsel, however true in fact such matter may be. When an appellant asks of this court the reversal of a judgment, on account of any supposed error therein, the record of the cause, filed in this court, must clearly show the existence of such error, without the aid of any statement of extrinsic matter, not apparent in the record. *Hudson* v. *Densmore*, 68 Ind. 391.

The only supposed error, of which the appellants complain, is not shown by the transcript of the record of this cause, on file in this court.

The judgment is affirmed, at the appellants' costs.