No. 13,279.

KERNODLE v. GIBSON.

114 451
116 173

114 451
127 565

114 451
134 8

114 451
138 664

SUPREME COURT.—*Causes for New Trial.*—*Assignment of Error.*—Matters which are properly causes for a new trial must be assigned as such in the motion therefor or they will not be considered on appeal.

SAME.—*Harmless Errors.*—*Reversal of Judgment.*—Where the record does not show that errors complained of were either injurious or probably injurious to the appellant, they are not available for the reversal of the judgment.

SAME.—*Presumptions.*—All the presumptions are in favor of the correctness of the rulings of the trial court, and on appeal they will be indulged until affirmatively overcome.

From the Boone Circuit Court. -

*J. B. Julian* and *J. F. Julian,* for appellant.
*W. J. Darnell* and *C. S. Wesner,* for appellee.

HOWK, J.—This was a suit by appellant, Kernodle, as plaintiff, against appellee, Gibson, and one John McLean, as defendants. Plaintiff's complaint counted upon a promissory note for $1,000, alleged to have been executed by the defendants on the 12th day of February, 1871, to the plaintiff herein, and to have been payable ten months after the date thereof, with ten per cent. interest thereon from date, and with reasonable attorneys' fees if suit should be brought thereon. It was averred in the complaint, among other things, that the note in suit was " so mutilated and partially lost as to be impossible of copy." Defendant Gibson alone appeared, and separately answered in four paragraphs, of which the first three stated special defences, and the fourth paragraph was a general denial of the complaint. Plaintiff replied by a general denial of the special defences. The issues joined were tried by a jury, and a verdict was returned for defendant; and over plaintiff's motion for a new trial, the court adjudged that he take nothing by his suit herein, and that defendant recover his costs, etc.

The only error properly assigned here by plaintiff, is the overruling of his motion for a new trial. He has also assigned here as errors several matters which would have constituted proper causes for a new trial. If these matters were assigned as causes for a new trial, in plaintiff's motion therefor, they are properly presented for our consideration by the error predicated upon the overruling of such motion; and if they were not so assigned, it is useless to assign them here as errors, because this court will not consider causes for a new trial which have not been presented to and considered by the trial court. *Walls* v. *Anderson, etc., R. R. Co.*, 60 Ind. 56; *Bake* v. *Smiley*, 84 Ind. 212; *Todd* v. *Jackson*, 75 Ind. 272.

The evidence is not in the record, and it does not appear that plaintiff attempted even to make the evidence a part of the record. In the absence of the evidence, we can not reverse the judgment for the alleged error of the court below in overruling plaintiff's motion for a new trial. For, even if it seemed to us that some of the matters complained of here by plaintiff's counsel might possibly be erroneous, the record wholly fails to show, in the absence of the evidence, that the error, if any, could or did injure the plaintiff. It is not enough that the record may show possible error in the rulings or proceedings of the trial court; but it must also appear from the record that such error might, and probably did, injure the plaintiff.

Plaintiff's suit, as we have seen, was upon a promissory note alleged to have been " so mutilated and partially lost as to be impossible of copy." The issues in the case did not require proof of the execution of such note by the defendants; but it was incumbent on plaintiff, under the general denial of his complaint, to prove that such a note had existed as the one described in his complaint, and the destruction or loss of such note and the contents thereof. *Millikan* v. *State, ex rel.*, 70 Ind. 310.

We can not say from the record of this cause, in the ab-

sence of the evidence, whether the plaintiff did or did not prove these fundamental facts in his case, by a fair preponderance of the evidence. If he did not prove such facts, and we may assume that he did not, in the state of the record, in aid of the judgment of the trial court, it is certain that we could not reverse such judgment, even though it might seem to us that each of the matters complained of here by plaintiff's counsel was clearly erroneous. This is so, because the record wholly fails to show that any of such matters, even if erroneous, could or did harm or injure the plaintiff herein. All the presumptions are in favor of the correctness of the rulings of the trial court, and these presumptions will be indulged here until they are affirmatively overcome or excluded by the record ; for until then such rulings, even though erroneous, will not be available for the reversal of the judgment. *Myers* v. *Murphy*, 60 Ind. 282 ; *Becknell* v. *Becknell*, 110 Ind. 42 ; *Stewart* v. *State*, 111 Ind. 554 ; *Whisler* v. *Lawrence*, 112 Ind. 229.

We have found no error in the record of this cause.

The judgment is affirmed, with costs.

Filed May 10, 1888.