Allen v. Gavin, Administrator.

No. 15,393.

ALLEN v. GAVIN, ADMINISTRATOR.

PRACTICE.—*Precipe on Appeal.—Construction.—Incidental Entries and Distinct Papers.—Precipe Part of Record on Appeal.*—A liberal construction will be given to the *precipe* on appeal, and incidental entries will be deemed impliedly embraced in the specific directions. The *precipe* is a part of the record on appeal. Section 649, R. S. 1881.

SAME.—*Omission of Parts of Record.—Precipe.—Effect.*—A party who appeals must present a proper transcript, and if he directs in his *precipe* filed with the clerk below what shall be incorporated in it, and his directions omit independent papers or entries essential to present the questions involved below, the appeal will be dismissed or the judgment below affirmed.

SAME.—*Burden on Appellant to Show Prejudicial Error.*—Error to be available on appeal must clearly appear in the record, without the aid of any extrinsic matter, and it must also appear from such record that the error was probably prejudicial to the appellant.

From the Wells Circuit Court.

*E. R. Wilson* and *J. J. Todd,* for appellant.

*L. Mock* and *A. Simmons,* for appellee.

ELLIOTT, C. J.—The appellee's counsel stoutly contend that the transcript " presents nothing for the decision of this court." In support of their position they assert, as one of the premises of their argument, that where the appellant's counsel direct what parts of the record below shall be copied into the transcript the clerk must obey the direction, and that only such entries and papers as are embraced in the *precipe* are properly parts of the record on appeal. This is undoubtedly true, but a liberal construction will be given the *precipe,* and incidental entries (not, however, independent entries, or distinct papers) will be deemed to be impliedly embraced in the specific directions. *Reid* v. *Houston,* 49 Ind. 181. To the statement of counsel may be addded the further statement that a party who appeals must present a proper transcript, and where he directs what shall be incorporated in it the

fault is his if he fails to secure and file such a transcript as fully and clearly presents the questions he asks the court to consider and decide. *Morningstar* v. *Musser*, 129 Ind. 470, and cases cited. As the statute confers upon the party who appeals the right to direct what papers and entries shall be embodied in the transcript, it necessarily follows that if his direction omits papers or entries essential to a full understanding and proper decision of the case, the appeal will be unavailing. In further support of their position counsel say that "error to be available must clearly appear in the record, without the aid of any extrinsic matter." They cite *Hudson* v. *Densmore*, 68 Ind. 391; *McCormack* v. *Earhart*, 72 Ind. 24; *Martin* v. *Martin*, 74 Ind. 207. This is an accurate statement of the law, as far it goes, but it does not go quite far enough, inasmuch as, to make error available on appeal, it must appear from the record that the error was prejudicial to the appellant, or was probably prejudicial. This doctrine has been asserted in many cases. *Morningstar* v. *Musser*, *supra*, and authorities cited. If, therefore, the appellee's counsel are right in asserting that the record does not make the alleged error manifest, the appeal must fail. Having ascertained and decided, as we are required to do, that the appellee's counsel have correctly stated the law, all that remains to do is to ascertain whether they have made a correct application of the law.

The *precipe* is part of the record on appeal, inasmuch as the statute requires the clerk " to append" the written direction to the transcript. Section 649, R. S. 1881. We must, therefore, examine the *precipe* to determine whether the necessary papers and entries are in the record. But, while we can ascertain what papers and entries are in the record from an inspection of the transcript and the *precipe*, we can not determine whether the record is sufficient to present the questions argued without stating how the questions arose, and giving the general outlines of the controversy, so that it is necessary to make a synopsis of the case. This we do

by saying that in November, 1885, John H. Hoover sold to James M. West eighty acres of land, and, to secure the unpaid purchase-money, Hoover executed a promissory note to West, reciting the consideration for which it was given, and specifically describing the land purchased of Hoover; West died intestate, Gavin became the administrator of his estate, and Allen, the appellant, who had become the owner of the note, filed it as a claim against the estate of the decedent; other claims, amounting to eight hundred dollars, were also filed; the personal estate of the decedent amounted to $786.66, out of which the widow was entitled, under the law, to $500, leaving a balance in the hands of the administrator of $286.66 to be applied to the payment of debts; partition proceedings were instituted; the land was ordered to be sold; it was sold for $425; this sum the administrator applied generally to the payment of debts and to the payment of the widow; subsequently the estate was declared insolvent.

In speaking of the matters concerning the acts of the administrator, we may remark by the way, appellant's counsel say, "All which was shown by a final settlement report filed by the administrator." Returning from this transient digression, and resuming our synopsis, we quote from appellant's brief the following statements: "The final settlement was set for hearing, whereupon Stephen Allen filed his exceptions, and notice was given; on the day set for its hearing the report and exceptions were submitted to L. P. Milligan, special judge, for hearing and decision, together with what was termed an 'interpleader proceeding,' that had in the meantime been instituted by Gavin." The judge took the matter under advisement for several days, and while announcing his decision Gavin interposed an objection that the "interpleader proceeding" was not before him for decision, and a continuance upon the interpleader was asked and obtained, and thereupon Allen's exceptions were sustained. Subsequently an application was filed before another special judge, C. W. Watkins, to set aside the judgment of the

former special judge. The application was sustained, and the judgment vacated. Counsel for the appellant, in opening their argument, say that "We regret to say that by some sort of singular coincidence the final settlement report of Gavin and Stephen Allen's exceptions thereto have disappeared from the files." Their claim for a reversal, as we understand their brief, is that the administrator erred in treating their claim as a general one, and not as a lien upon land. It seems clear to us that without the report of the administrator no decision upon the merits can be made, and that the whole controversy is as to whether the report shall stand or fall. The main issue was made by the exceptions to the report, and without the report and the exceptions it is impossible to determine whether there was merit in the appellant's exceptions or wrong in the proceedings of the administrator. This is the view taken of the case by the Appellate Court, as it transferred the case to this court upon the theory outlined by us. *Allen* v. *Gavin* (4 Ind. App.), 29 N. E. Rep. 363.

Nor can it be determined that the last special judge erred in vacating the order of his predecessor. The presumption is that he did not err, and, in the absence of the report and the exceptions, that presumption stands unrefuted. The *precipe* does not call for the final report and exceptions, nor are they in the record.

In such cases as this the court may, at its option, either affirm the judgment or dismiss the appeal, and we deem it best to dismiss the appeal.

Although the point is not made by counsel, we think it proper to say that the order of the last special judge was not a final judgment, and, hence, not appealable. The fact that there was no final judgment appears from the statement of appellant's counsel, that "Judge Watkins sustained Gavin's motion and set aside said orders and judgment of said special judge, Milligan, from which decision this appeal is taken."

It is perfectly clear, upon counsel's statement, that the appeal is not from a final judgment.

Appeal dismissed.

Filed Nov. 23, 1891; petition for a rehearing overruled Jan. 26, 1892.