[No. 651.   August 21, 1897.]

ANDREW B. LAIRD, SHERIFF, PLAINTIFF IN ERROR,
v. ELIZABETH C. UPTON ET AL.,
DEFENDANTS IN ERROR.

1. PRACTICE, APPELLATE—EXCEPTIONS MUST BE TAKEN; WHEN.—The appellate court will not consider errors committed in the trial of causes at law, not excepted to in the trial court at the time the ruling was made.

2. REPLEVIN—HUSBAND AND WIFE—COMMUNITY PROPERTY—EVIDENCE. In an action of replevin by the wife for the recovery of certain goats levied on by execution on a judgment against the husband, where plaintiff's evidence showed that the property was identified, that it was purchased by the husband as the agent of the wife, and that the balance of the purchase money was secured by mortgage on other property belonging to her, an objection that there was nothing in the evidence to show that the property was not community property, and that the presumption was that all acquisitions during the marriage were such property, was without merit.

3. REPLEVIN—FAILURE TO GIVE BOND PRIOR TO ISSUANCE OF WRIT—PLEA TO MERITS—JURISDICTION.—Nor was there any merit in the contention that such action should be dismissed for failure to give a replevin bond prior to the issuance of the writ, as being jurisdictional, where there was an appearance and pleading to the merits. Such objection should have been taken advantage of by proper motion before the pleading to the merits.

ERROR, from a judgment for plaintiffs, to Third Judicial District Court, Grant County.   Affirmed.

The facts are stated in the opinion of the court.

W. B. CHILDERS for plaintiff in error.

The value of property or damage for wrongful taking is not tried in this action.   Trover and trespass·

are the proper actions in such cases. Comp. Laws 1884, secs. 1974, 1981; Wells on Replevin, sec. 31, note, and secs. 33, 38; 20 Am. and Eng. Ency. of Law, 1044, 1045; St. Martin v. Desnoyer, 1 Minn. 41. See, also, Wells on Replevin, sec. 513; Johnson v. Weedman, 1 Scam. 495; Wells on Replev., sec. 297.

A replevin bond is jurisdictional, the writ can not be executed in ordinary cases until the bond has been given. In suits against the sheriff, where the writ runs to a special officer, as under our statutes, the writ can not issue until the bond is given. Comp. Laws, 1884, sec. 1978; Acts 1887, chap. 63, p. 215, sec. 2. See, also, Wells on Replev., secs. 388, 392; Smith v. McFall, 18 Wend. 521; Creamer v. Ford, 1 Heisk (Tenn.), 307; Hannum v. Norris, 21 Kan. 114; 20 Am. and Eng. Ency. of Law, 1088; Catterlin v. Mitchell, 89 Am. Dec. 501; Wells on Replev., sec. 651, and citations.

The justice of the peace statute is mandatory as to the affidavit. Barruel v. Irwin, 2 N. M. 222. See, also, Butts v. Woods, 4 N. M. (Gil.) 343; Elsberg v. Frietze, 43 Pac. Rep. (N. M.) 690; 20 Am. and Eng. Ency. of Law, 1081, and citations; Millilsen v. Selye, 6 Hill, 623; Berrien v. Westervelt, 12 Wend. 194.

The court should have instructed the jury to find for defendant on the evidence. The plaintiff alleged title, and the onus was on her to prove it. Morgner v. Biggs, 46 Mo. 65; Gray v. Parker, 38 Id. 160; Wells on Replev., sec. 120; Hatch v. Fowler, 28 Mich. 205. See, also, Comp. Laws, sec. 64; 23 Am. and Eng. Ency. of Law, 154, and citations, as to violation of statute.

There is nothing in the evidence to show that the goats were not community property. Acts 1889, p. 213, sec. 21, par. 2. See, also, Platt's Prop. Rights, Married Women, p. 6, sec. 7; Ball. on Community Prop., secs. 114–118.

The presumption obtained that all acquisitions

during marriage became common property. Platt's Prop. Rights, Married Women, supra; Ball. on Community Prop., secs. 119, 123.

JAMES S. FIELDER and FRANK J. WRIGHT for defendants in error.

The motion to dismiss should have been filed before pleading to the merits. Comp. Laws, sec. 1913; Steph. on Pl., pp. 83, 373, 378.

This court will presume that a proper bond was given, and approved by the clerk, before the issuance of the writ of replevin. Story v. Hussey, 32 Me. 579; note 4, 20 Am. and Eng. Ency. of Law, 1088.

As to the right of defendant to subject the goats to the payment of a debt due from James N. Upton on the ground that they were community property and liable for the common debts, it is not believed that the act of 1889 repeals section 1087, Compiled Laws.

COLLIER, J.—This is an action in replevin begun in the district court of Grant county, by Elizabeth C. Upton and her husband James N. Upton, joining with her, against Andrew B. Laird, sheriff of the county of Grant, to recover seven hundred and fifty-one head of goats, which had been levied upon said sheriff, by virtue of an execution issued on a ment recovered in said court against said James N ton, the goats being levied upon as his property. replevin suit was begun in August, 1894, and filed th the declaration in the cause was the affidavit requ red by our statute, but the record fails to show that any bond was filed in the office of the clerk of said court, either prior or subsequent to the issuance of the writ, which bears date August 8, 1894, and was returnable to the November, 1894, term of said court. The oath of the special officer appointed to serve said writ was filed on the day following the issuance of said writ. On the tenth day

of the said term the defendant filed a plea of general issue; and a year later at the November, 1895, term of said court, there was filed a motion to dismiss said cause for want of proper service and return. The record does not show what disposition was made of said motion; but eight days later an affidavit of James N. Upton was filed in the cause to the effect that a replevin bond was executed "prior to the issuance and levy of the writ," and that the bond "was accepted by the officer who levied the writ," and on the next day a bond to take the place of the one so alleged to have been given was "approved as to form and sufficiency of sureties" by the clerk and filed in his office. The cause then proceeded to trial, resulting in a verdict, as follows: "We, the jury, find verdict for the plaintiff and assess the damages at $500."

There was a motion at the close of plaintiff's evidence for "the court to instruct the jury to return a verdict for the defendant," and being overruled, and the overruling excepted to, evidence in defense and in rebuttal was gone into. On the twenty-ninth day of November, 1895, motion in arrest of judgment was made, upon the grounds that there was not proper and sufficient service of the writ, and that plaintiff, being a married woman, had not joined her husband in the action; and a motion for a new trial also upon the grounds that the verdict is contrary to law and the evidence, and for error in overruling defendant's motion to direct a verdict. These motions were each overruled. The bill of exceptions fails to show an exception to the instructions of the court, or to the overruling of the motion in arrest of judgment, and for a new trial. It is abundantly established by authority that appellate courts, unless there are statutory provisions securing review without exception duly taken, will not consider errors committed in the trial of cases at law, which were not ex-

*Practice, appellate: exceptions.*

cepted to in the trial court. This court, it has recently been held by the supreme court of the United States, in the case of Grayson v. Lynch, decided May 26, 1896, has no statutory provisions which take it out of the rule of being upon a writ of error "limited to the bill of exceptions or questions of law otherwise presented by the record." In Grayson v. Lynch, supra, it is stated that "there is clearly nothing in these (our) statutes which lays down a different rule from that ordinarily pursued in appellate courts," and that "only such rulings of the court in the progress of the trial can be reversed as are presented by a bill of exceptions." This conclusion was arrived at by a construction of our statutes as they existed prior to section 4 of the act of 1889, entitled "an act with reference to practice in the supreme court and for other purposes," and as to this section the court in Grayson v. Lynch, supra, say "it is difficult to perceive wherein this statute makes any essential change in the previous practice. * * * It certainly does not in term require that the court shall rehear the case upon the testimony, as if it were an appeal in equity, but limits its powers of review to such questions as are apparent upon the record, or incorporated in the bill of exceptions."

As to what a bill of exceptions may properly contain our statute prescribes in section 2197, Compiled Laws, which reads as follows:   "Sec. 2197. Exceptions to the decision of the court upon any matter of · law arising during the progress of a cause, or to the giving or refusing of instructions, must be taken at the time of the decision.   In equity causes no exception shall be required."

We take it that the words, "during the progress of the cause" mean during the steps taken from the beginning of the trial to its final disposition in the trial court, up and to including said final disposition, our statute requires to be excepted to at the time they

are made, and should be incorporated in the bill of exceptions.

This supreme court has construed this section in Territory v. O'Donnell, 4 N. M. 196, and the learned justice delivering the opinion has shown by a mass of authority that section 2197 is but declaratory of the true rule, that exception must be taken at the time the ruling is made.

In the bill of exceptions in this case it does not appear that the overruling of the motions in arrest of judgment and for a new trial was excepted to.

The overruling of the motion to instruct the jury was excepted to at the time, but if it is true that it is necessary to move for a new trial before exceptions, though duly taken, can be considered in this court, it would seem to follow as is held in Kernodle v. Gibson, 114 Ind. 451, that matters which are properly causes for a new trial should be embraced in the motion therefor. We cite, also, to this, State v. Nelson, 101 Mo. 477, these two cases being directly in point, and many more to like effect we believe could be found.

As, however, the exception to the overruling of the motion to instruct for the defendant was not, in our judgment, error, it is unnecessary to decide in this case the effect of failure to except to the overruling of the motion for a new trial. Plaintiff's evidence showed that the goats sued for were identified; that the husband purchased same as his wife's agent; that her money paid for them in part; that the balance of purchase money was secured by mortgage on other property belonging to her, and that damages for detention were suffered. As militating against the sufficiency of proof to sustain the verdict, it being shown that the property was levied on by execution on a judgment against the husband, it has been pressed upon us that there is nothing in the evidence to show that this was

REPLEVIN: husband and wife: community property: evidence.

not community property, and that the presumption obtains that all acquisitions during marriage are such property.   If.it were conceded that this property was acquired during marriage, as to which there is nothing but vague inference to show, it yet does not appear that the claim for which judgment was rendered was a "common debt of the marriage."   We know not its origin or nature, whether founded in tort or on contract, or whether it preceded the marriage relation or came after it.   Certainly presumptions should not establish its character as a charge upon acquest property.   We therefore hold this exception without merit.

This leaves us to the consideration only of such assignments of error as are apparent upon the record. These relate to the failure to give a replevin bond prior to the issuance of the writ, it being claimed

REPLEVIN: failure to give bond prior to issuance of writ: plea to merits: jurisdiction.

that, notwithstanding there was appearance and pleading to the merits, the cause should be dismissed, because such failure was jurisdictional.   It is admitted that if the giving of the bond was to be subsequent to the issuance of the writ, but before its service, this position would be untenable, though the writ might be dismissed upon motion if bond were not furnished.   It is claimed, however, that the bond, being like the affidavit, a condition precedent to the issuance of the writ, the writ is a nullity if issued without either.   The authorities we believe to be variant on.this question, but whatever might be the weight in favor of the contention, that the giving of the bond is jurisdictional, we yet would hold that under our statute the contrary is the case, and that it is a matter which should be taken advantage of by proper motion in the case, seasonably taken.

Our statute as to writs of replevin does not require the giving of bond prior to the issuance of the writ, except the action be against a sheriff.   Secs. 1977, 1978, Compiled Laws of N. M.

The policy of our laws being thus declared, that the giving of a bond in replevin is not jurisdictional, the intent of the legislature must be looked to, declaring that, in a particular class of cases, the bond shall be given at another time, and to a different officer; that is the rule in replevin cases.

The statute changing the rule in cases against the sheriff provides that the clerk shall designate some person to serve the writ, requiring bond before the writ issues. This, in view of the policy of our law, that the giving of the bond is not jurisdictional, should be construed as meaning that the writ should not be executed until the bond is given, and that all the preliminaries to the execution of the writ must be seen to by the clerk instead of by the sheriff, as in all other cases.

In deciding that, we should be governed by the policy of our law, in respect to the giving of bond not being jurisdictional, we do not go quite as far as did the court in Vaiden v. Bell, decided in 3 Rand. (Va.) 448, where, notwithstanding that the Virginia statute required the bond to be given before the issuance of the writ, it was held that inasmuch as at common law no pledges were required before the emanation of the writ, the objection that bond was not given in due time does not go to the destruction of the writ. If this conclusion could be arrived at by the Virginia court in reference to a general law, and when the argument is on the policy of the common law, a fortiori is it true that the policy of our own law should be followed as to an exceptional statute providing for a particular class of cases.

Finding no error for reversal in this cause, it will be ordered that the judgment of the lower court be affirmed.

SMITH, C. J., and LAUGHLIN, J., concur.