## CONRAD *v.* CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY.

[No. 4,999.    Filed November 29, 1904.]

1. APPEAL AND ERROR.—*Trial.—Judgment.—Presumption.*—All presumptions must be indulged in favor of the trial court's judgment and it must stand unless it is made affirmatively to appear that it was erroneous.    p. 137.

2. TRIAL.—*Instructions.—Construction.*—The instructions of the trial court must be construed together, and if fairly and reasonably construed they present the law of the case with reasonable clearness and accuracy, they are sufficient.    p. 137.

3. SAME.—*Instructions.—Misleading.*—Where an instruction as to the duty of a person driving over a railway crossing fairly states the law and when considered with all other instructions on that subject leaves the matter unambiguous and certain it can not be presumed that the jury were misled, and the plaintiff's affidavit attached to his motion for a new trial, saying that the jury were misled, can add no support to such motion.    p. 137.

4. SAME.—*Argument to Jury.—Closing.*—Where plaintiff's counsel makes an argument to the jury for an hour and ten minutes, covering the law and facts involved in the case, and the defendant's attorneys waived their argument, it was not error for the trial court to refuse to permit plaintiff's counsel to make a closing argument, since such question was one for the sound discretion of the trial court.    p. 138.

From Boone Circuit Court; *S. R. Artman,* Judge.

Action by Edwin P. Conrad against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment on a verdict for defendant, the plaintiff appeals. *Affirmed.*

*Dutch & Wilhoite,* for appellant.
*S. M. Ralston* and *J. T. Dye,* for appellee.

MYERS, J.—This was an action by appellant against appellee in the Boone Circuit Court for damages for the alleged negligence of appellee in the running of its railway locomotive engine and train of cars attached thereto upon and against appellant's horse, mule, wagon, double set of harness and fifteen grain sacks, all of the alleged value of $387, and that by the negligent acts of appellee said horse and mule were killed, and said wagon and harness and sacks destroyed, all without any fault or negligence on the part of the appellant or his servant; that said accident occurred on the 7th day of August, 1900, at a street crossing in the town of Zionsville, Boone county, Indiana. It was alleged by appellant in the court below that appellee in approaching said crossing, and when not less than eighty nor more than one hundred rods from said crossing, omitted to sound the whistle on said locomotive engine three times, and negligently and unlawfully omitted to ring the bell attached to said engine continuously for not less than eighty nor more than one hundred rods from said crossing, until said engine had fully passed said crossing; that by reason of said negligent and unlawful conduct of appellee's said servants in omitting to sound the whistle on appellee's said locomotive engine, and in omitting to ring the bell on appellee's said locomotive engine, and running appellee's said locomotive engine and train at a high and negligent rate of speed upon and over said crossing, and while said appellant's servant was in charge of said property and in the act of crossing said appellee's railroad track at said crossing, using due care to avoid injury, said property of appellant was

destroyed; that had appellee's servants in charge of its loco-
motive given the signal by sounding the whistle and ringing
the bell on said locomotive when not less than eighty nor
more than one hundred rods from said crossing, and con-
tinuously rang the bell until its engine had fully passed
said crossing, said appellant's servant could have heard
such signal and avoided the collision, and avoided the
injury complained of.  The complaint is in two paragraphs,
to which appellee filed an answer in general denial.  Trial
by jury.  Finding and judgment for appellee.

The errors assigned in this court are: (1) The over-
ruling of appellant's motion for a new trial; and (2) not
permitting one of appellant's counsel to address the jury
upon behalf of appellant in the closing argument.

We will consider the errors assigned in the order pre-
sented by appellant.  In his motion for a new trial, appel-
lant proposes the following reasons why a new trial should
be granted: (1)  Because the jury misunderstood, and,
through mistake, misconstrued, instruction number fifteen
given by the court. (2)  Because the jury, through inad-
vertence and mistake, understood the court to instruct the
jury that if plaintiff's servant in charge of plaintiff's team
did not stop plaintiff's team before driving upon the cross-
ing, and look and listen for trains approaching the crossing,
plaintiff could not recover. (3)  Because a number of the
jury made a mistake as to what the court instructed the
jury was the duty of plaintiff's servant in approaching the
crossing when the injury occurred, in this: that said jurors
understood the court to instruct the jury that if the servant
of plaintiff in charge of plaintiff's team did not stop plain-
tiff's team and look and listen for approaching trains before
going on the crossing, plaintiff could not recover, which
aforesaid reason will more fully appear in exhibit A, here-
with filed and made part hereof. (4)  Because the court
erred in refusing to allow P. H. Dutch, one of plaintiff's
counsel, to make a closing argument to the jury upon the

part of plaintiff. (5) Because the court erred in refusing
to permit P. H. Dutch, one of plaintiff's attorney's, to
address the jury in behalf of plaintiff. (6) Because the
general verdict of the jury is not supported by sufficient
evidence. (7) Because the general verdict of the jury is
contrary to law. (8) Because the answers of the jury to
interrogatories are in conflict with each other. (9) Be-
cause answers of the jury to interrogatories numbered 15,
16, 19, 20, 24, 25, 26, 27, 28, 30, 33, 34, 41 and 45 are
not supported by sufficient evidence, and for the further rea-
son that said answers show that the jury did not understand
the import of their answers to said interrogatories."

We will consider the first three reasons together. The
appellant, in his argument, lays particular stress on instruc-
tion number fifteen, submitted to the jury. Appellant does
not contend that the instruction does not state the law cor-
rectly, nor that the wording of the instruction was such that
it could not be easily and readily understood, or that the
instruction was so framed as the jury might have been mis-
led thereby, or that it was not applicable to the evidence.
Instruction number fifteen is as follows: "A railroad cross-
ing is a place of known danger, and the plaintiff's servants,
if they knew of said crossing, were bound to approach the
same upon the assumption that a train was liable to pass
at any moment. To relieve the plaintiff from the imputa-
tion of negligence contributing to the injuries sued for in
this action, his servants were bound to make vigilant use of
their senses of sight and hearing, so far as they would avail
them; and if their view or hearing were at the time, from
any cause, obstructed, this made it all the more necessary
for them to use increased care and caution upon approach-
ing the crossing. And, if because of the dangerous char-
acter of the crossing where the injuries occurred, it would
have been the act of a reasonably careful and prudent man
to have stopped and looked and listened for an approaching
train before driving upon the crossing, and this said ser-

vants did not do, and if, by so doing, they could have seen or heard the train in time to have avoided the collision, then, although you may find that the defendant was negligent in operating its train, the plaintiff can not recover." A number of other instructions were given to the jury by the court as to appellant's and appellee's rights, and the, caution and care to be observed by each to prevent accidents at public crossings, all of which, as we must presume, were within the evidence and pertinent to this cause.

1.   The evidence is not in the record.   All presumptions must, by this court, be indulged in favor of the regularity and correctness of the proceedings of the lower court, and, until it is affirmatively made to appear by the record that error was committed by the trial court, the judgment must stand.   *Campbell* v. *State* (1897), 148 Ind. 527; *Ferguson* v. *Hull* (1894), 136 Ind. 339; *Taylor* v. *Birely* (1892), 130 Ind. 484; *Teagarden* v. *Phillips* (1895), 14 Ind. App. 27.

2.   Instructions must be construed as a whole, and if, taken together, and "fairly and reasonably construed," they present the law of the particular case to the jury with reasonable clearness and accuracy, it can not be said the jury were misled.   *Young* v. *McFadden* (1890), 125 Ind. 254; *Coble* v. *Eltzroth* (1890), 125 Ind. 429; *Nave* v. *Flack* (1883), 90 Ind. 205, 46 Am. Rep. 205.

3.   After a careful consideration of the instruction complained of by appellant, and construing it with all the other instructions in this case, we are unable to see anything ambiguous or uncertain in its meaning or purport, which could not be readily understood by anyone of ordinary intelligence and comprehension.   The presumption is and should be that the jury did understand the instruction, and for us to indulge any other presumption would lead to a field of speculation to which we can not agree.

The affidavit of appellant filed with his motion as exhibit A, whereby he says "that he is informed and believes that

a number of the jury who tried the above entitled cause were mistaken as to one of the instructions of the court; that said jurors understood that the court instructed the jury that, unless plaintiff's agent who was driving plaintiff's team stopped plaintiff's team before going upon the track, plaintiff could not recover"—can add no support to ground three. *Eaken* v. *Thompson* (1892), 4 Ind. App. 393. We have carefully read the interrogatories and answers thereto, and we must conclude that they do not support appellant's contention. But upon the other hand, the answers seem to be intelligent and entirely against appellant's theory.

4. We will next consider the fourth and fifth reasons assigned by appellant. These reasons appeal purely to the discretionary power of the court. It is true that the party having the burden of the issue shall have the right to open and close the argument, "but shall disclose in the opening all the points relied on in the cause." §545 Burns 1901, §536 R. S. 1881. In the criminal code the order is prescribed, and, being fixed, the court has no discretionary power. If the legislature had intended to take away from the trial court all discretionary power relative to the argument by counsel in the trial of civil cases, a provision to that effect certainly would have been made. It appears from the bill of exceptions that an agreement was had between counsel for the appellant and appellee that the instructions of the court might be used in the argument of the case to the jury; that, upon the part of appellant, Ambrose Wilhoite, one of the attorneys for appellant, opened the argument to the jury "in an address of one hour and ten minutes, in which he reviewed all the evidence given on the trial, except the testimony of four witnesses, and failed to discuss the instructions of the court;" that at the close of the argument of Wilhoite, the attorney for the appellee "announced to the court that the jury might be instructed, that

he would not argue upon the part of the defendant; whereupon P. H. Dutch, attorney for plaintiff, requested and demanded that he be permitted to close the argument for plaintiff, which request and demand was refused by the court, and said Dutch was not permitted to make an argument to the jury, and no argument other than that made by said Wilhoite was permitted by the court to be made upon the part of plaintiff; that before the commencement of the argument of said cause to the jury there was no announcement or intimation upon the part of defendant's counsel that there would be no argument made in said cause to the jury upon the part of said defendant; that there was no misconduct on the part of plaintiff's counsel for which the court refused to allow the closing argument to be made, but said closing argument was refused by the court upon the ground that, as counsel for defendant waived making the argument upon the part of defendant, the plaintiff ought not to be allowed to make further argument, for the reason that the plaintiff, by counsel, has sufficiently argued said cause."

It is certainly important, in the due administration of justice, that parties be not deprived of the full benefit of counsel in the presentation of their cause of action to the jury; nor do we think there is any absolute right in a defendant, by his failure to argue his case, to produce such a result. Every court is bound, in fairness, to prevent such abuses; but, inasmuch as our civil code does not take away the discretionary power of the trial court, and he chooses to exercise that discretion, we think that this court should not interfere except in extreme cases. There is nothing in the record to show that there was anything to prevent the opening from being made as complete as possible. There is nothing except speculation to indicate that the conclusion of the jury, under any argument, would have been different. *Priddy* v. *Dodd* (1853), 4 Ind. 84; *Pittsburgh, etc., R. Co.*

v. *Martin* (1882), 82 Ind. 476;· *Baldwin* v. *Burrows* (1884), 95 Ind. 81; *Citizens St. R. Co.* v. *Huffer* (1901), 26 Ind. App. 575.

The evidence not being in the record, no question is presented by the sixth, seventh, eighth and ninth reasons assigned.

Finding no error in the record, the judgment is affirmed.