# FAULKNER v. BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY.

[No. 7,097. Appeal dismissed, July 1, 1909. Rehearing denied October 27, 1909.]

1. APPEAL.— *Dismissal.— Opinion Upon.— Courts.—* The Appellate Court may, in its discretion, dismiss an appeal without submitting a written opinion, the motion to dismiss constituting notice of the grounds for such dismissal. p. 442.

2. APPEAL.—*Transcript.—Error.—*An appellant, to be entitled to a reversal, must present a transcript showing an error, the presumption being that the trial court's action and decision were correct. p. 442.

3. APPEAL.—*Assignments of Errors.—Transcript.—*An appeal will be dismissed where the assignment of errors raises no question presented by the record. p. 443.

4. APPEAL.— *Transcript.— Clerk's Certificate.—* Where the clerk's certificate fails to show that the transcript contains a full, true and complete copy of the proceedings in the case, and it is impossible to tell whether the ruling complained of applied to the motion complained of, or to some other motion, no question is presented thereon for decision. p. 443.

5. APPEAL.—*Dismissal.—New Appeal.—*Where a motion to dismiss an appeal is sustained, and the appellant has time within which

to correct the defects in the transcript and to file another appeal, and he fails to do so, he may not complain on a petition for a rehearing that his right of appeal has been denied. p. 443.

From Jackson Circuit Court; *Joseph H. Shea,* Judge.

Action by Daily Faulkner against the Baltimore and Ohio Southwestern Railroad Company. From a judgment for defendant, plaintiff appeals. *Appeal dismissed.*

*F. W. Wesner,* for appellant.

*Edward Barton, Robert S. Alcorn, Thomas Honan* and *McMullen & McMullens,* for appellee.

PER CURIAM.—The appeal in this case is dismissed.

## ON PETITION FOR REHEARING.

RABB, J.—Appellant most earnestly insists that the court erred in sustaining appellee's motion to dismiss the appeal in this case, and labors under the impression that it

1.  is the duty of the court to submit a written opinion, setting forth the specific grounds upon which the action of the court, in dismissing the appeal, is predicated. Such, however, is not the case.

It is presumed that the motion to dismiss sufficiently points out the objections and defects that require the dismissal of the case, and whether a written opinion should be delivered by the court, in passing on a motion to dismiss an appeal, or in the affirmance of a judgment of the court below, is a matter entirely in the discretion of the court. In view of appellant's earnest insistence, however, we deem it not inappropriate to state the grounds on which the court dismissed the appeal.

A party appealing from the decision of a lower court to an appellate tribunal must present to that tribunal a

2.  record affirmatively showing some harmful error committed by the court below.

Every presumption is indulged in favor of the action of the court below, and if but a partial record of its proceed-

ings is presented on appeal, and the action of the trial court can be sustained on any conceivable state of facts, which the record, if complete, might have disclosed, the judgment will be affirmed. *Rapp* v. *Kester* (1890), 125 Ind. 79, and cases cited; *Chestnut* v. *Southern Ind. R. Co.* (1901), 157 Ind. 509; *Mankin* v. *Pennsylvania Co.* (1903), 160 Ind. 447; *South Chicago City R. Co.* v. *Zerler* (1903), 31 Ind. App. 488; *South Bend, etc., Plow Co.* v. *Geidie* (1900), 24 Ind. App. 673.

3.

Unless the assignment of errors raises some question presented by the record, the appeal will be dismissed.

The transcript is required to be authenticated by the certificate of the clerk, and unless such certificate shows that such transcript contains a full, true and complete copy of all the proceedings of the court had in the cause, it will be presumed that it exhibits an incomplete copy of the same. From the incomplete record presented to us in this case, it does not appear affirmatively that the court's ruling sustaining the defendant's motion to dismiss plaintiff's complaint, made on June 2, was upon appellee's motion made April 28, to reject and strike from the files of the court the plaintiff's complaint. Nothing appearing to the contrary, appellee's motion of April 28 may have been overruled, and the ruling appearing in the record made upon some other motion. There is nothing in the entry to identify it as having been made on the appellee's motion of April 28, and, in the absence of the complete record, no question is presented for our decision.

4.

The motion to dismiss was passed upon by this court in ample time to enable the appellant to correct the omissions and defects in his transcript, and properly to present to this court whatever question there was in the case.

5.

Petition for rehearing overruled.