VESEY ET AL. v. DAY ET AL.

[No. 21,758. Filed December 16, 1910. Rehearing denied March 29, 1911.]

1. APPEAL.—*Parties.*—Persons who, though named as parties, were not served with notice of the proceeding below, and who did not appear thereto, need not be made parties on appeal. p. 408.

2. APPEAL. — *Parties.* — *Transcript.* — *Presumptions.* — *Wills.* — *Judgment.*—*Motion to Set Aside.*—*Notice.*—Where the transcript, on appeal, shows the filing and sustaining of a motion to set aside a judgment probating a will but excluding its codicil, and a trial resulted in a judgment for the probate of such will and the codicil, the transcript showing that the appellants and all other beneficiaries, as well as the executors and the administrator with the will annexed, were named as parties to such motion, and showing affirmatively the entering of a special appearance by such appellants to such motion, but being silent as to any notice to the other beneficiaries, or as to any appearance by them, the presumptions are that such other beneficiaries were parties to the prior judgment and that therefore they were parties to such motion to set aside, which was filed at the same term, in which case notice thereof is unnecessary. pp. 409, 410.

3. WILLS.—*Probate.*—*Parties.*—Any beneficiary named in a will or a codicil thereto is a proper party to have such will and codicil probated. p. 409.

4. WILLS.—*Probate.*—*Application for.*—*Oral.*—An application for the probate of a will may be oral. p. 409.

5. APPEAL.—*Record.*—*Presumptions.*—The proceedings of the trial court are presumed to be regular; and to secure the reversal of a case, appellants must present a record affirmatively showing harmful error. p. 409.

6. WILLS.—*Probate.*—*Parties.*—If the nominal parties to a judgment probating a will exclusive of the codicil were not really made parties thereto, a subsequent motion to set aside such probate should not only name them as parties thereto but they should be served with notice of such motion, or should appear voluntarily, otherwise jurisdiction would be wanting. p. 410.

7. COURTS.—*Records.*—*Authority Over.*—Courts have complete control over their records during the entire term at which the proceedings in question were had. p. 411.

From LaGrange Circuit Court; *James S. Dodge*, Judge.

Action by William H. Day and another against John B. Vesey and others. From a judgment for plaintiffs, certain defendants appeal. *Appeal dismissed.*

*F. J. Dunten* and *Vesey & Vesey,* for appellants.
*Hanan, Ewbank & Hanan* and *Deahl & Deahl,* for appellees.

MONKS, J.—This is an appeal from a judgment probating a will and the codicil thereto of Lydia C. Howard, deceased. The first proceeding in the court below, shown in the transcript, is the filing of a verified motion by appellees, at the April term, 1909, of said court, to set aside the order of the court made at said term probating the will of said Lydia C. Howard, deceased, but refusing to probate the codicil thereof, and asking that said codicil be admitted to probate.

Said verified motion made parties thereto the beneficiaries named in the will, the beneficiaries named in the codicil to said will, the persons named in the will as executors and the administrator with the will annexed. Afterwards at the September term, 1909, of said court appellants, who were named with others as parties in said verified motion, entered a special appearance to said verified motion of appellees, and moved to dismiss said motion, on the ground that no notice thereof had been given to them. This motion was overruled by the court. Appellants then filed a demurrer for want of facts to said verified motion, which was also overruled. At said September term the court sustained said verified motion, and set aside the order admitting said will to probate and denying the probate of said codicil. No exceptions were taken to this action of the court. Thereupon, at said September term, appellants, beneficiaries under the will, filed objections to the probate of said codicil, on the ground that it "was unduly executed." Afterwards, at the same term of said court, said cause was tried by the court, and a judgment rendered that said will and said codicil be admitted to probate. Afterwards, on November 19, 1909, that being the fifth day of the November term of said court,

appellants filed a motion for a new trial of said cause, which motion was overruled.

Appellants, who filed objections to the probate of said codicil, appeal from said judgment to this court and assign errors.

William H. Day and Amanda Day, his wife, the only persons made appellees in this court by appellants in the assignment of errors, have filed a motion to dismiss this appeal, and assign among the causes therefor, the following: (1) " The transcript begins in the middle of a proceeding, with a motion to set aside and reopen a judgment rendered earlier in the same term, and does not contain said judgment nor the proceedings that led up to it, but only proceedings subsequent to the filing of said motion; and it is insufficient to disclose whether or not any error was committed by the trial court." (4) " This is an appeal from a judgment probating a will and the codicil thereto over objections to the probate of said codicil filed by appellants after an order had been made setting aside a previous judgment probating the will and refusing to probate the codicil, and four of the six beneficiaries under said codicil, who were parties below, have not been made parties to this appeal nor named in the assignment of errors."

Appellants claim, however, that "it appears from the transcript that the beneficiaries named in said codicil were not served with notice of appellees' said verified motion, nor did they in any manner appear or take any part in the proceeding in the court below," and that therefore " said beneficiaries cannot be affected by any action of this court, that for these reasons it is not necessary to make said beneficiaries parties to this appeal."

If the contention of appellants—that the beneficiaries under the codicil were not served with notice and did not appear at any time in any part of the proceedings below—is correct, it was not necessary or proper to make the beneficiaries under said codicil appellees in this court.

Said contention is based on the assumption that the transcript contains a full, true and complete copy of all the papers and entries in said cause, and that " it shows that said beneficiaries were not served with notice of said motion, and did not appear or take any part at any time in the proceedings in the court below."

The first proceeding in the court below shown in the transcript is the filing of the verified motion by appellees at the April term, 1909, of said court to set aside the order of the court made at the same term probating the will of said Lydia C. Howard, deceased, and refusing to probate the codicil thereto. Nowhere in said transcript is there any of the proceedings had, papers filed or record made before said verified motion of appellees was filed at the April term. Naught appearing otherwise in the transcript all the beneficiaries under said will and all the beneficiaries under the codicil except appellees, and the executors named in said will, and the administrator with the will annexed were in the court below as parties when said will and codicil were offered for probate, and when said will was probated and the probate of the codicil denied.

Any of the beneficiaries under said will or under the codicil, or all of them, or any one interested in any part of the estate specified in the will, was authorized to have said will and codicil probated. §3135 Burns 1908, §2579 R. S. 1881.

The application need not be in writing, but may be oral. *Miller* v. *Coulter* (1901), 156 Ind. 290. What method was pursued in this case and who were parties thereto do not appear, as that part of the record is not set out in the transcript.

The presumption is in favor of the regularity and legality of the proceedings in the trial court, and to overcome this presumption appellants must present a transcript of the record affirmatively showing prejudicial error against them. The error to be reversible must clearly

appear in the record, without the aid of extrinsic matter. *Allen* v. *Gavin* (1892), 130 Ind. 190, 191–193; *McCardle* v. *McGinley* (1882), 86 Ind. 538, 44 Am. Rep. 343; *Riley* v. *State* (1897), 149 Ind. 48; *Foultz* v. *State* (1900), 24 Ind. App. 141, and cases cited; Elliott, App. Proc. §186.

It is the fault of appellants if any part of the record essential to the determination of the case is not incorporated in the transcript. *Allen* v. *Gavin, supra.*

If the persons named as parties in appellees' verified motion to set aside the order probating said will and refusing to probate the codicil were not parties to the

6.    proceeding to probate said will and codicil and rightfully in court in said proceeding, before said motion was filed, it would have been necessary to give them notice thereof in order to give the court jurisdiction over them, unless they appeared thereto. There is nothing in the part of the record contained in the transcript to show that the beneficiaries under the codicil were given notice thereof, or that they appeared thereto.

As the court acted upon said verified motion of appellees without notice to the beneficiaries under the codicil, and

without their appearance thereto, we must, under

2.    the authorities cited, presume that said beneficiaries under the codicil, other than appellees, were parties to the order probating said will and refusing to probate said codicil, and that they were rightfully in court and the court had jurisdiction over them when said order was made. This is true because that part of the record showing who were parties to the judgment sought to be set aside is not contained in the transcript, and there is nothing in the transcript showing that the beneficiaries were not parties. All presumptions are in favor of the action of the trial court. Elliott, App. Proc. §§709–711, 713; *Rapp* v. *Kester* (1890), 125 Ind. 79, 82, and cases cited; *Faulkner* v. *Baltimore, etc., R. Co.* (1909), 44 Ind. App. 441, and cases cited; *Burnside* v. *Ennis* (1873), 43 Ind. 411, 415; *Winship* v. *Crothers* (1863), 20 Ind. 455; 1 Ind. Digest (Annotated) §900.

It is settled in this State that courts have full and complete control of the record of their proceedings during the entire term at which such proceedings are had, and 7. that no notice of a motion to set aside a judgment is necessary, if it is made during the term of court at which said judgment was rendered. *Burnside* v. *Ennis, supra,* and authorities cited; *Brumbaugh* v. *Stockman* (1882), 83 Ind. 583, 587; *Knight* v. *State* (1880), 70 Ind. 375–377; *Durre* v. *Brown* (1893), 7 Ind. App. 127, 132.

If such motion is made at the term at which the judgment was rendered it may be continued to a subsequent 2. term and the judgment may be then vacated. *Hufford* v. *Lewis* (1902), 29 Ind. App. 202; 23 Cyc. 904.

As we must presume that the beneficiaries under said codicil were properly made parties to said proceeding, and that the court had jurisdiction over them when said order probating the will and refusing to probate the codicil was made, it follows that it was not necessary to give them notice of the verified motion of appellants to vacate said order, which was filed at the same term of court said order was made, and the court had jurisdiction over them until this cause was finally disposed of in the court below.

The beneficiaries under said codicil were necessary parties to the objections by appellants to the probate thereof, and must be named in the assignment of errors in this court as appellees. *Whisler* v. *Whisler* (1904), 162 Ind. 136; *McGeath* v. *Starr* (1901), 157 Ind. 320.

They were parties adverse to appellants, and as they were not made appellees in the assignment of errors in this court we have no power to disturb the judgment of the court below in admitting said codicil to probate. *McClure* v. *Shelburn Coal Co.* (1897), 147 Ind. 119; *Garside* v. *Wolf* (1893), 135 Ind. 42; *Kreuter* v. *English Lake Land Co.* (1902), 159 Ind. 372.

It is clear from the cases cited that unless all parties adverse to appellants in the court below, who were affected by the judgment probating said codicil appealed from are made

parties appellee in this court, the case cannot be determined upon its merits. *Kreuter* v. *English Lake Land Co., supra,* and cases cited.

The motion to dismiss the appeal is therefore sustained.