## SMITH *v.* COLLINS ET AL.

[No. 7,913.   Filed October 30, 1913.   Rehearing denied January 27, 1914.   Transfer denied April 1, 1914.]

1. JURY. — *Waiver of Right to Jury Trial.* — *Appeal.* — *Record.* — *Presumptions.*—Where a cause tried by the court involved issues triable by jury, and on appeal the court is unable to determine from the record whether there had been a waiver of the right of trial by jury, it will be presumed that the trial court discharged its duty and that the submission of the cause to the court for trial without the intervention of a jury was rightly done.  pp. 696, 697.

2. APPEAL.—*Record.—Duty to Show Error.*—It is the duty of appellant to bring to the court a properly prepared record showing affirmatively prejudicial error.  p. 697.

From Superior Court of Marion County (81,293) ; *Pliny W. Bartholomew,* Judge.

Action by Ella B. Smith against John P. Collins and another.  From the judgment rendered, the plaintiff appeals.  *Affirmed.*

*C. E. Fenstermacher, A. W. Fenstermacher* and *Frank L. Doudican,* for appellant.

*John W. Holtzman, Lewis A. Coleman, Russell T. McFall* and *W. Gage Hoag,* for appellees.

SHEA, J.—This action was brought by appellant for the possession of certain real estate; the appointment of a receiver to collect the rents and profits of same; to have her title thereto quieted as against appellees, and to have a lease executed to her by appellee John P. Collins, alleged to have been secured by fraud, declared null and void. Various paragraphs of complaint, answer, cross-complaint and reply were filed in this case. Some of the paragraphs of complaint were dismissed; parts of the cross-complaint and answers of the various parties were dismissed. The cross-complaint of appellee John P. Collins asked the court to declare his lease to be in full force and effect, and that the lease executed by appellant to one Henry Kampman be declared second and inferior to the lease of appellee Collins. Judgment was rendered by the court that appellant was entitled to have her title quieted except as to the lease executed by her to John P. Collins without damages; that appellee John P. Collins held a valid lease on the property and was entitled to the possession of same without damages; that the receiver appointed assign the lease executed by him to Henry Kampman, to appellee John P. Collins, and be discharged.

No good purpose can be served by entering into a discussion of the effect and validity of the various bills of exceptions signed by the regular judge and the special judge who tried the cause. The essential question in this appeal is as to whether appellant was entitled in the first instance to a trial by jury. If she was entitled to a trial by jury, has she waived that right by agreeing to submit the cause to the special judge? After a jury had been called and duly empaneled, the appellees, who were defendants in the court below, dismissed certain

parts of their answers and cross-complaint. Upon some of the issues raised by the pleadings in this case, even after dismissal, we are inclined to think that appellant was entitled to a jury trial. Other issues were rightly triable by the court. There is a conflict in the facts set out in the various bills of exceptions as to whether appellant waived the right of trial by jury upon the issues, which of right she was entitled to have determined by a jury. It is

2. the duty of appellant to bring to this court a properly prepared record, showing affirmatively prejudicial error. *Vesey* v. *Day* (1911), 175 Ind. 406, 94 N. E. 481; *Allen* v. *Gavin* (1892), 130 Ind. 190, 29 N. E. 363; *Kernodle* v. *Gibson* (1888), 114 Ind. 451, 17 N. E. 99; *Whisler* v. *Lawrence* (1887), 112 Ind. 229, 13 N. E. 576; Elliott, App. Proc. §195. The record in this cause is in such con-

1. dition that the court is unable to determine with certainty whether there was a waiver of the right of trial by jury. The presumption is the trial court discharged its duty, and that the submission of the cause to the court for trial without the intervention of a jury was rightly done. *Pichon* v. *Martin* (1905), 35 Ind. App. 167, 170, 73 N. E. 1009; *Conrad* v. *Cleveland, etc., R. Co.* (1904), 34 Ind. App. 133, 137, 72 N. E. 489; *Shugart* v. *Miles* (1890), 125 Ind. 445, 454, 25 N. E. 551; *White* v. *Sun Publishing Co.* (1905), 164 Ind. 426, 73 N. E. 890.

Judgment affirmed.

NOTE.—Reported in 103 N. E. 12. See, also, under (1) 3 Cyc. 298; (2) 3 Cyc. 275.