## MODERN WOODMEN OF AMERICA v. LOVELAND.

[No. 8,190. Filed March 10, 1914. Rehearing denied May 15, 1914. Transfer denied June 30, 1914.]

1. APPEAL.— *Briefs.— Sufficiency.— Evidence Considered Below.—* Where appellant's brief, in an action on a benefit certificate, did not show that any part of appellant's by-laws was considered as evidence, and the only disclosure is that the by-laws were attached to an agreed statement of facts on which the cause was tried for the purpose of enabling the parties to select the parts to be used in evidence, the court can not determine what part was considered by the lower court in reaching its conclusion. p. 570.

2. APPEAL.— *Briefs.— Statement of Evidence.—* Appellant's statement of the evidence in its brief, that the benefit certificate sued on, the application, the appellant's by-laws and a stipulation of facts agreed on, which provided that either party could point out what by-laws it desired to have considered in evidence, were all the evidence in the cause, was insufficient where neither the instruments, by-laws, nor the agreed facts were properly set out. p. 571.

3. APPEAL.—*Briefs.—Statement of Evidence.—* Where the parties to the cause tried by a court stipulated to point out particular parts of by-laws to be considered as evidence, the briefs on appeal should show the particular portion of the by-laws considered. p. 571.

4. APPEAL.—*Briefs.—Presumptions.—* Where the court can not determine from appellant's briefs what the facts were upon which the trial court based its conclusions, it will be presumed that the cause was rightly decided. p. 572.

From Allen Circuit Court; *Edward O'Rourke,* Judge.

Action by Ellen Loveland against the Modern Woodmen of America. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*McAdams & Hartzell* and *Benj. D. Smith,* for appellant. *R. K. Erwin,* for appellee.

SHEA, P. J.—Appellee brought this action upon a benefit certificate payable to her, issued by appellant society on the life of Judson C. Loveland, her son. No demurrers were filed to any of the pleadings, and no issues of law decided.

The cause was submitted to the court for trial. Finding and judgment for appellee for $3,000. The overruling of appellant's motion for a new trial is the only error relied on for a reversal. The reasons assigned in support of the motion for a new trial are that the decision of the court is not sustained by sufficient evidence, and is contrary to law. The case was tried on an agreed statement of facts, no other evidence being introduced.

It is very earnestly insisted on behalf of appellee that there has been such failure in the preparation of the brief of appellant as to present no question to this court.

To the agreed statement of facts, made a part of it by exhibit, were attached the by-laws of the company, some seven hundred in number, in printed form. One of the stipulations contained this language: "It is hereby stipulated and agreed between the parties of the above entitled cause that said case shall be tried by the court without a jury, and that said case shall be tried upon the pleadings now on file and the following agreed statement of facts, together with the exhibits hereto attached, and that no further evidence shall be offered by either party than is contained and provided for in this stipulation, to wit: * * * It is agreed that exhibit C, hereto attached and made a part hereof, is a true and correct copy of the by-laws of the said Modern Woodmen of America in force at the time of the issuance of the benefit certificate herein sued on, to wit, May 21, 1900; and that exhibit D, hereto attached and made a part hereof, is a true and correct copy of the by-laws of said Modern Woodmen of America in force from and after the first day of September, 1908, and up to and including the date of the death of the said Judson C. Loveland, which occurred June 4, 1910; that such sections of said by-laws as either party may desire may be considered as evidence on the trial of this case and incorporated in the record thereof." The brief of appellant fails to disclose what, if any portion, of the by-laws either party wished to

have considered as evidence. In fact, the brief does not disclose that any part of the by-laws was considered as evidence except the fact that they are attached to the agreed statement of facts as shown above, the purpose of which seems to have been to enable the parties to select the parts to be used in evidence. The fact that all the by-laws are attached to the bill of exceptions does not enable this court to determine just what part of them was considered by the lower court in reaching its conclusion.

The second point made is that the statement of the record is wholly insufficient; that there is an incomplete statement of the evidence upon which appellant relies for a

2. reversal of the cause. Appellant insists that the benefit certificate, six pages long, the application twelve pages long, the by-laws adopted prior to the time decedent was admitted as a member, 336 in number, comprising thirty-nine printed pages, and those adopted afterward, 365 in number, 113 printed pages, as well as the stipulation recited in the bill of exceptions, were all the evidence given in the cause. Appellant's brief, however, fails to sufficiently set out any of these instruments or by-laws, or even to set out fully the agreed facts which are found in the bill of exceptions. The bill of exceptions sets out the agreed statement of facts containing the stipulation above quoted, but nowhere in the briefs does the court find that any part of the by-laws was actually considered as evidence. It is true the by-laws as above described are attached to the bill of exceptions and sought to be made a part thereof by exhibit.

3. In view of the stipulation that the parties were to point out at the trial the particular parts of the by-laws to be considered as evidence, the briefs should show just what particular sections of the by-laws were actually considered by the court. Appellant in its reply brief insists that sufficient evidence is set out to enable the court to determine the questions presented, but only §§7 and 18 of the by-laws fully appear in the brief as exhibits to the answer filed by

appellant to appellee's complaint. The substance of §§14, 15, 16, 17, 18, 37, 260 and 287 is set out in the statement of the record. If this were all that was necessary to determine the questions involved, then the record should not have. been incumbered with numerous and voluminous documents, and it should have been indicated in some manner that these and no others were considered by the lower court.

This court is wholly unable from the briefs of appellant to determine the facts upon which the court below reached its conclusion, and in such a condition of the record, 4. we must indulge the presumption that the cause was rightly decided. *Vesey* v. *Day* (1911), 175 Ind. 406, 409, 94 N. E. 481; *Allen* v. *Gavin* (1892), 130 Ind. 190, 29 N. E. 363; *Smith* v. *Collins* (1914), 55 Ind. App. 695, 103 N. E. 12; *Pichon* v. *Martin* (1905), 35 Ind. App. 167, 170, 73 N. E. 1009. Judgment affirmed.

Note.—Reported in 104 N. E. 518. See, also, under (1, 2, 3) 2 Cyc. 1013; (4) 3 Cyc. 308.