## Dick v. Dick.

[No. 11,106. Filed February 14, 1922.]

APPEAL.—*Briefs.*—*Sufficiency.*—*Presenting Questions for Review.*—*Constitutionality of Statutes.*—On appeal by the ward from a judgment appointing a guardian for her, where the error relied on was that the court erred in appointing a guardian, no question as to the constitutionality of certain sections of the statutes involved is presented, where appellant's brief fails to set out the complaint, so that the court on appeal

cannot say without searching the record what averments it contained, or that by it appellee was seeking to invoke any specific statutory power of the trial court.

From Vigo Circuit Court; *John P. Jeffries,* Judge.

Proceedings by Edgar Dick to have a guardian appointed for Emeline Dick. From a judgment appointing a guardian, Emeline Dick appeals. *Affirmed.*

*Stimson, Stimson & Davis,* for appellant.
*R. V. Newton* and *Duvall & Whitaker,* for appellee.

ENLOE, J.—We learn from the brief of appellant filed herein that this was a proceeding to have a guardian appointed for one Emeline Dick, the appellant, and that such proceedings were had in this cause that the court did, on October 19, 1920, appoint such guardian. There was no appearance by appellant to such proceeding, either in person or by attorney, except that the prosecuting attorney, as shown by the record, appeared in court to defend said cause. The court heard the evidence and appointed one Emma B. Dick, as such guardian, who at once gave bond as required by law. No exceptions were taken or reserved to any of these proceedings. No steps of any kind were taken to present any alleged error to the trial court for correction. The error assigned and relied upon in this court is, "The court erred in appointing a guardian for appellant."

In *Faulkner* v. *Baltimore, etc., R. Co.* (1909), 44 Ind. App. 441, 89 N. E. 511, it was said: "A party appealing from the decision of a lower court to an appellate tribunal must present to that tribunal a record affirmatively showing some harmful error committed by the court below." In the same case it was said: "Unless the assignment of errors raises some question presented by the record, the appeal will be dismissed."

The rules of this court require that the brief of ap-

pellant shall be so prepared, that each error complained of shall be clearly presented without resort to the record.    In short, the brief itself should show the error.

The brief of appellant herein does not set out the complaint filed, yet seeks to attack the judgment of the court as being void.    It is insisted that certain sections of our statute are void, as being in conflict with both our state and the federal Constitutions.    If the brief herein had been so prepared as to present to this court a "question," and the answer to that question involved the validity of the statute in question, we might then be called upon, in the discharge of our duties, to transfer this case for want of jurisdiction, but upon the brief before us, the complaint not being included therein, we cannot say without searching the record what averments it contained, or that by it the appellee was seeking to invoke any specific statutory power of the trial court.

No question is presented, and the judgment is therefore affirmed.