May Term, 1841.

THE STATE
v.
DIGBY.

---

## THE STATE v. DIGBY.

The amount of damages claimed for land taken in the constructing of the *Wabash* and *Erie* canal, under the act to provide for a general system of internal improvement, is not affected by the benefits resulting to the claimant in consequence of the canal's enhancing the value of other land of his, which is not connected with that taken.

ERROR to the *Tippecanoe* Circuit Court.

SULLIVAN, J.—This was a proceeding under the 17th section of the act to provide for a system of general improvement. The petitioner represented that he was the owner in fee-simple of certain fractional lots of ground lying in the town of *Americus*, in the county of *Tippecanoe;* that his title thereto was derived from the state, &c.; " that the state of *Indiana*, in extending the *Wabash* and *Erie* canal along the margin of the *Wabash* river at said town of *Americus*, cut the same entirely through said fractional lots in said town, whereby the said lots were wholly appropriated to the use of the state, and wholly destroyed to the petitioner." A trial was had before three appraisers appointed by the board

Friday,
May 28.

of internal improvement according to the provisions of the statute. From their decision an appeal was taken to the Circuit Court, where judgment was given for the petitioner. On the trial in the Circuit Court, the attorney for the state offered to prove that the complainant was the original proprietor of the town of *Americus*, and was greatly benefited by the construction of the canal; that its construction greatly enhanced the value of other lots in said town belonging to complainant; that he had been enabled to sell lots at high prices on account of the advantages and facilities afforded by said canal, and was otherwise greatly benefited. The Court rejected the testimony as irrelevant, to which the state excepted.

By the act under which the proceedings in this case were had, it is provided "that in all cases in the assessment of damages as in this section (the 17th) is provided for, the appraisers, the Court, or jury, shall take into consideration the benefits resulting to such complainant from the construction of the works which occasion the supposed injury."

The simple question for our consideration at present is, whether the damages which the complainant has received by the appropriation of a particular piece of his property to the public use, may be offset by the benefits which have resulted to him by enhancing the value of other property, detached from that so appropriated by the public?

The plaintiff in error contends, that all the benefits which the complainant has derived from the construction of the particular work, for the use of which the property named in his petition has been appropriated, are to be taken into the account in settling the amount that shall be paid him by the state for the price of property injured or destroyed. On the other hand, it is contended that the appraisers are confined, in their examination, to the benefits which have resulted to the complainant from the enhanced value of the same property, of which part has been appropriated to the public use. We think the latter construction must prevail. If the language of the statute is taken in its broadest sense, all the advantages and facilities which a man derives from the public works in the prosecution of his daily business, should be taken into consideration on questions of this kind. But those

benefits are uncertain, transient, and often imaginary. Such a construction of the statute, therefore, would be manifestly inadmissible. Nor can the statute be extended to embrace the "benefits" which the complainant has derived from the enhanced value of property other than that which is the subject-matter of his complaint, *or connected with it.* If the appraisers were permitted to look beyond the property named in the complaint, and *that contiguous to it,* it would lead to endless confusion and difficulty. The nature of the complainant's interest in the property supposed to be enhanced in value, when purchased, the price paid for it, and various questions of like import, must be inquired into and settled. In most cases if not in all, a satisfactory result could not be attained.

Our opinion therefore is, that the benefits which the appraisers are required to take into consideration, are those resulting to the complainant from the enhanced value of the same body of land, of which part has been appropriated to the public use. The Court committed no error in refusing the testimony (1).

*Per Curiam.*—The judgment is affirmed.

*A. Ingram* and *Z. Baird,* for the plaintiff.

*W. M. Jenners,* for the defendant.

(1) Vide *M'Intire* v. *The State, ante,* p. 384.