## James L. Perkins v. The People.

*Forgery: Evidence: Collateral issue.* On a trial upon the charge of the forgery by raising it in amount, of a mortgage given on a purchase of land, and of uttering the same as genuine, evidence that the prisoner produced in a chancery cause relating to this mortgage, a quit-claim deed, which he had proposed to give on the sale of the lands but which had been rejected by the purchaser and one with covenants substituted for it, and testified relative to a pen used to write it, and endeavored to account on a comparison of the deed with the mortgage for some suspicious appearances in the writing as to the consideration and sum to be paid by the mortgage, is not so far foreign to the issue at bar as to preclude the prosecution, who have put it in, from showing that, instead of the facts being as the prisoner had explained, the draft of the quit-claim deed had been altered also, as to the consideration, so as to make it correspond with the altered mortgage; such evidence of the falsity of the explanation is both pertinent and material.

In such a case it is also competent for the prosecution to show that the sum mentioned as consideration in the mortgage in question, as well as that expressed in the condition, had been altered.

*Value: Evidence: Offers: Hearsay.* On the subject of value of land, it is not competent to show generally what a neighbor was offered for adjoining lands; such evidence would be mere hearsay.

*Forgery: Uttering.* The putting of a forged mortgage on record is a sufficient uttering. Collecting money upon it and endorsing the payments is also a sufficient uttering, whether the instrument itself was produced at the time of payment or not.

*Exceptions: Practice in supreme court.* Exceptions to the charges to the jury on the weight to be allowed to the prisoner's statement on the trial, will not be considered on a record which does not show that the prisoner made any statement.

*Submitted on briefs May 14. Decided July 11.*

Error to Lenawee Circuit.

*Fidus Livermore* and *C. A. Stacy,* for plaintiff in error.

*Byron D. Ball, Attorney General,* for the People.

COOLEY, J.

Perkins was convicted in the circuit court for the county of Lenawee, of having forged a mortgage given to his wife, Eunice Perkins, by one Heath, by raising the amount from five hundred and fifty dollars to fifteen hundred and fifty dollars, and of having uttered and published the forged instrument. The mortgage was given on a purchase of land by Heath from Perkins, for which Heath testified he was to pay one thousand dollars, and that he did pay one hundred and fifty, assumed the payment of a mortgage on the land of three hundred, and gave the mortgage in controversy for the balance. The theory of the defense was that the land was sold to Heath for fifteen hundred and fifty dollars, the mortgage given for the whole amount, but endorsed with the amount of the mortgage then on the place, and subject to which the sale was made.

It was shown in evidence that at the time the parties met to consummate their trade, Perkins produced a quit-claim deed which he proposed to execute to Heath, but Heath insisted on covenants, and the quit-claim was laid aside. The prosecution gave evidence that in a previous chancery suit relating to this mortgage, Perkins produced this quit-claim deed and made a statement under oath relative to the pen with which it was written, and claimed to account on a comparison of this instrument with the mortgage for some suspicious appearances in the writing as to the consideration and sum to be paid by the mortgage. The prosecution was then permitted to show, under objection, that instead of the facts being as the defendant explained, the draft of quit-claim deed had been altered also, the change being in the sum expressed as the consideration, and which, as now written, corresponded to the altered sum expressed in the mortgage. The reason assigned for the objection was, that the explanatory statement of defendant put in evidence by the prosecution was foreign to the issue in the case at bar, and that being so,

the party putting it in was bound by, and could not be permitted to disprove it.   The objection would have force if the statement was, in fact, collateral to the main issue; but it was not.   It had a direct and very important bearing upon it, and evidence of the falsity of the explanation was not only pertinent, but very material.

Objection is also made that the prosecution was allowed to show that the sum mentioned as the consideration of the mortgage, as well as that expressed in the condition, had been altered.   The reason assigned in support of the objection is, that the defendant was not charged in the information with an alteration in the statement of consideration ; but as the sum expressed as the consideration, and that to be paid by the condition, are generally expected to correspond, an alteration in the one must always be a material circumstance when a like alteration in the other is asserted and undergoing investigation.

As Perkins claimed to have sold the land to Heath for a sum considerably larger than was admitted by the latter, the value of the land became important, and the prosecution gave evidence that just before the sale Perkins had offered it to different persons for much less than he claimed to have sold it for to Heath.   Apparently to rebut this, the defendant called one Meyers, who testified that in the year the mortgage was given he owned land adjoining that of Perkins, and sold off two acres of it.   The question was then put to him: " How much were you offered for it ?" This question was objected to by the prosecution, and the objection sustained.   He was then asked: " How did the land, the two acres you speak of, adjoining Perkins' land, compare with his ?"   This was also ruled out, but the court said to defendant's counsel: " You may ask him the value of the Perkins place, and he may make any other comparison of its worth, and he can compare it with any other land."   The defense did not see fit to ask any further questions, but they insist that the court erred in these rulings.   We think otherwise.   What land has sold for

may sometimes, and under some circumstances, be very satisfactory evidence of value; but testimony as to what has been offered for it, is so much open to suspicion and so inviting to fraud, unless the offer was at a judicial or other public sale, or under other circumstances furnishing like security of good faith in making it, that it must generally be very untrustworthy and unreliable. If one is testifying to his own opinion of value, he may perhaps speak of an offer made by himself, as evidence of the sincerity of his opinion, but offers in general must rank as proof with hearsay. And in this case it will be seen that the defense, by inquiring about the price offered instead of the price obtained, carefully avoided eliciting the information that might have been of value. And it is obvious that any comparison of the Meyers land with the Perkins land was immaterial, unless as furnishing a criterion of the value of the latter, and none would be furnished until the value of the former was shown,—which was not attempted.

On the point whether the forged instrument had been uttered and published, the evidence was, that it had been put upon record by some one—presumptively, at least, through the agency of a party claiming the benefit of it; that it was taken from the register's office by the defendant's daughter, and that afterwards, but before discovery of the alteration and without seeing the instrument, Heath made payments upon it which defendant indorsed. It was insisted that these facts showed no uttering, but the court charged the jury that the putting of the forged instrument upon record and collecting money upon it was a sufficient uttering. To have a forged mortgage recorded is certainly making a very important use of it as a genuine instrument, and the court was right in holding it a sufficient uttering. But collecting money upon it was also an uttering, unless the fact that the debtor at the time supposed he was paying upon the original instrument, and that the forged paper was not produced, can distinguish this from an ordinary case. We think these circumstances unimportant. Every receipt of money and indorsement thereof upon the forged

paper was making use of it in a way implying an assertion of its genuineness, and was consequently a sufficient publishing of the instrument as true to make the offense complete. The case is stronger than *People v. Brigham, 2 Mich., 550,* or *Caton v. People, 25 Mich., 388,* in each of which the beneficial use of the instrument by the forger was defeated.

Exception is taken to the charge of the court regarding the weight to be allowed to the statement of the prisoner on the trial. But as the record does not show that the prisoner made any statement, there is nothing in this exception which we can consider. We also pass over some other exceptions which we scarcely think can be seriously relied upon.

The judgment of the circuit court must be affirmed.

The other Justices concurred.