# H. C. TODD, Trustee, etc.

*v.*

# THE KANKAKEE AND ILLINOIS RIVER RAILROAD CO.

1. RIGHT OF WAY—*compensation to the owner in case of condemnation—how far damages and benefits to be considered.* Under the Eminent Domain law of 1852, the owner of land taken by a railroad is entitled to compensation, at all events, to the extent of the value of the land taken, without any deduction for benefits the land may receive from the location or construction of the road; but such benefits may be set off against any damage the land may sustain by the construction of the road.

2. SAME—*benefits to one piece of land can not be set off against damages to another.* The damage done to one piece of land, through which a railroad is run, can not be compensated by benefits accruing to another and separate piece of land through which it does not run, although belonging to the same person.

3. Where a town had been laid out into blocks and streets for many years, and the same had always been recognized, treated and dealt with by the owners and the people as blocks and streets so laid out, such blocks should be treated as distinct tracts of land for the purposes of assessing damages done by a railroad running through any of them, although the plat of the town may not have been made according to the statute.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. HARRISON LORING, for the plaintiff in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The railroad company filed a petition on the 5th day of August, 1870, for the condemnation of the right of way over

the land of plaintiff in error. The proceeding was under the right of way law of 1852, and was in the county court of Kankakee county. On the filing of the petition, commissioners were appointed, and reported that appellant was entitled to one dollar for compensation, and one cent for damages for the land to be taken for right of way. Thereupon, defendant appealed to the circuit court, where, on a trial by a jury, a verdict similar to the report of the commissioners was found, and, upon overruling a motion for a new trial, the court rendered a judgment on the verdict. And the defendant brings the case to this court on writ of error.

The evidence showed that the road, as located, would run through a number of blocks in the town of Momence. There was evidence that these blocks are worth from $1000 to $4000 each. Witness Worcester speaks of six of them. And the road seems to have been located through some farm lands, which, the same witness states, were worth from $75 to $100 per acre. There was other evidence tending to prove the value of this property, at the date the proceedings were commenced for its condemnation.

On this evidence, plaintiff in error asked the court to give his eighth instruction to the jury, but it was refused. It would have told the jury that the law required they should, at all events, find and return the value of the land taken, as shown by the evidence; and that they should not deduct any benefits the land might receive from the location or construction of the road; but that they could set off benefits against damages the property might sustain by construction of the road. This is the substance of this instruction, and it is in strict accordance with the rule laid down in the cases of *Hayes* v. *Ottawa, Oswego and Fox River Valley Railroad Co.* 54 Ill. 373, and *Peoria, Pekin and Jacksonville Railroad Co.* v. *Laurie,* 63 Ill. 265, and it should have been given.

These cases hold that the owner must be paid, in money, the value of his land taken by the road, and that benefits can not be set off or deducted from that amount, but that benefits

might be deducted from damages. It was, therefore, error to refuse to give this instruction, and it was equally error to give those for plaintiff, which announce a different rule.

Again, the court should have given the 13th instruction asked by plaintiff in error. It would have told the jury, that if they believed the town of Momence had been laid off into blocks and streets in 1848 or 1849, by the owner, and has ever since been recognized, treated and dealt with by such owner and by the people of Momence, as blocks and streets so laid out, and that the same was notorious in the town since that time, then, for the purposes of assessing damages, the blocks through which the road runs should be treated as distinct tracts of land, and this, although the land was not platted in accordance with the statute, and that the jury, in assessing damages for the portion of the blocks thus taken, should not take into consideration any benefit the construction of the road would confer upon other blocks through which the road would not run.

If the proposition contained in this instruction is true, then, there can be no doubt that these blocks constituted separate and distinct parcels of land. The use of the streets, the sale and improvement of such blocks, for the length of time indicated, would, assuredly, give the public a right to the use of the streets, especially if the corporate authorities had recognized and repaired the same as public streets. But if they were dealt with—which evidently means that the blocks were bought and sold as blocks, and adjoining these streets as public highways—then, as against such purchasers or present owners, the former owner who platted the land into blocks and streets could not close the streets, or in fact any one else, without it should be by the consent of the adjacent owners. And, if this be true, then the streets permanently separated these blocks, and it was beyond the power of the owner of the blocks to again unite them, until he acquired other rights than those he then held.

As to the last proposition contained in this instruction, it

has never, so far as we are informed, been held that damages done to the piece of land through which a railroad is run, may be compensated by benefits received by another and separate piece of land through which it does not run. To so hold, would be to take a man's land and pay him with benefits to other lands, shared in common with all other lands in the vicinity. Others do not pay for such benefits, and on what principle should he be compelled to do so, when he has alone suffered damage? It has been held, under various statutes that seemed to require it, that the benefits to the land through which the road runs, may be taken into account in fixing the compensation for damages thus done. The instruction, in this respect, conforms to the decisions in the cases of *Hayes* v. *Ottawa, Oswego and Fox River Valley Railroad Co.* and *Peoria, Pekin and Jacksonville Railroad Co.* v. *Laurie, supra,* and the instruction should have been given.

For the errors indicated, the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*