## ANGELL v. HORNBECK ET AL.

[No. 4,348.    Filed April 28, 1903.]

HIGHWAYS.—*Establishment.*—*Public Utility.*—In a proceeding to estab-
lish a public highway, existing highways, the location of markets
with relation to the residences of the inhabitants, the character
of the soil, the location of schoolhouses, churches, graveyards,
and the condition of other highways already in use are proper sub-
jects of inquiry in determining the utility of the proposed high-
way. *pp. 60, 61.*

SAME.—*Establishment.*—*Remonstrator.*—*Measure of Damages.*—*Instruction.*
—An instruction in a proceeding to establish a public highway that
"the benefits accruing to the landowner remonstrating, if there
are any such benefits proved by the evidence, should be considered
in connection with all the other evidence in the case, and, upon
all the facts and circumstances in evidence, you will determine
what amount, if any, the remonstrator has been damaged" was
erroneous, since it was proper for the jury to consider only such
evidence as was properly admitted upon the issue of benefits and
damages in estimating remonstrator's damages. *pp. 61, 63.*

From Carroll Circuit Court; *T. F. Palmer*, Judge.

Proceeding by Charles A. Hornbeck and others for the
establishment of a public highway in which Eliza V.
Angell and others remonstrated. From a judgment of
the circuit court establishing the highway, Eliza V.
Angell appeals. *Reversed.*

*L. D. Boyd* and *F. R. Pixler*, for appellant.
*W. C. Smith* and *G. W. Julien*, for appellees.

HENLEY, J.—This was an action commenced in the com-
missioner's court of Carroll county for the location of a
public highway. Charles Hornbeck et al., who are named
as appellees, were the petitioners. The appellant appeared
in the commissioner's court, and filed a remonstrance,
claiming damages. Afterward, appellant with some other
parties who did not join with her in the appeal to the cir-
cuit court, filed a remonstrance in which they denied that
the proposed road would be of public utility. The review-

ers appointed upon appellant's remonstrance found, in favor of the petitioners, that the road would be of public utility, and the board of commissioners of said county thereupon ordered the road established.

Appellant alone appealed to the Carroll Circuit Court. In the circuit court of Carroll county the question presented by the petition, report of viewers, and remonstrance, was submitted to the jury, which returned a verdict that the proposed highway would be of public utility, and assessing appellant's damages in the sum of $100. Appellant filed a motion for a *venire de novo,* which was overruled. Thereupon appellant moved for a new trial, which motion was overruled, and judgment rendered on the verdict.

The two specifications of error assigned in this court are: (1) That the trial court erred in overruling appellant's motion for a *venire de novo;* and (2) that the trial court erred in overruling appellant's motion for a new trial.

This court is asked, first, to determine as to the sufficiency of the evidence to support the verdict. There were two issues presented to the jury for determination under the pleadings filed. The first of these was whether or not the proposed highway would be of public utility. The second was as to the damages sustained by the appellant. Counsel for appellant contend that there was no evidence to show the location of the highway. In this they are mistaken. The evidence of the witness Hornbeck was clearly sufficient upon the question of location; and upon the question of public utility, which counsel for appellant contend was not supported by any evidence, we find an abundance of evidence which, under the authorities, would tend to prove that the proposed highway would be of public utility. There were witnesses who testified concerning the existing highways, the location of markets with relation to the residences of the inhabitants, the character of the soil, the location of schoolhouses, churches, graveyards, and the condi-

tion of other highways already in use, all of which would go to establish the utility or non-utility of the proposed highway. In *Opp* v. *Timmons,* 149 Ind. 236, the Supreme Court, by Hackney, J., say: "Existing ways, the condition of population, location of markets, character of the soil, physical features of the locality, etc., are proper subjects of inquiry in determining the utility of a highway." There was sufficient evidence to support the verdict.

It is next contended by counsel for appellant that the trial court erred in giving to the jury instruction number three. Instruction three was as follows: "In considering the question of damages, you are instructed that the taking of private property for use as a public road without making compensation therefor is not permitted by law, yet such compensation need not be made in money. The benefits accruing to the landowner remonstrating, if there are such benefits from the establishment of the proposed highway, proved by the evidence, should be considered in connection with all the other evidence in the case; and upon all the facts and circumstances in evidence you will determine what amount, if any, the remonstrator Eliza V. Angell has been damaged by reason of the facts alleged in her remonstrance. After making proper allowance for benefits, if any, accruing to her from the establishment of the highway, and upon all the facts and circumstances proved under the law, she should be allowed such damages as may have been so proved, if any, that she will suffer by reason of the establishment of the proposed highway, if you find that such proposed highway would be, if established, of public utility. In estimating such damages, it is only proper to consider the purposes for which the land is being used at the time of the location of the highway, and not what use the owner may make of the same at some future period. The element of damages may be not only the value of the land actually to be taken for the highway, but may be the additional expense, if any, the landowner

may be put to in adjusting his land to the purposes for which it is used. If the location of the highway would require the landowner to remove existing fences or to build and maintain new fences, the cost of the removal of old fences, or the building and maintaining of new ones, may be considered in estimating the damages of the landowner who remonstrates; but the value of the material in old fence moved from the line of the highway to the side, so as to form a fence at the side of the highway, can not be allowed as damages."

That part of the instruction by which the jury were informed that "the benefits accruing to the landowner remonstrating, if there are any such benefits proved by the evidence, should be considered in connection with all the other evidence in the case; and upon all the facts and circumstances in evidence you will determine what amount, if any, the remonstrator Eliza V. Angell has been damaged by reason of the fact alleged in her remonstrance, after making proper allowance for benefits"—we think radically wrong, and calculated to prejudice appellant's cause with the jury. By this instruction the jury were told to consider all the evidence in determining the benefits that would accrue to appellant by the opening of the proposed highway. The jury ought to have been instructed upon the issue of damages and benefits, to consider only such evidence as was properly admitted upon that issue. Evidence which was introduced to show that the proposed road would be of public utility could not properly be considered by the jury in placing an estimate upon appellant's individual benefits. There was evidence, admitted over the objection of appellant, upon the question of utility, which, in its nature, would have a tendency to prejudice the minds of the jury against her. It was the duty of the court, as was well said in *City of Delphi* v. *Lowery,* 74 Ind. 520, 39 Am. Rep. 98, to instruct the jury that, "where there are facts given in evidence which ought not be considered

in estimating damages, the instructions of the court should inform the jury what facts should be considered by them in making the estimate, and not leave it to them to take into account facts which have no legitimate bearing upon this branch of the case." The authorities are agreed that where facts are given in evidence upon two issues, as in this case, the instructions of the court when instructing on any one issue should confine the jury to the matter as presented in said issue on-which the instruction was given. See, also, Elliott, Roads & Sts. (2d ed.), §246; *Vanblaricum* v. *State,* 7 Blackf. 209; *Burk* v. *Simonson,* 104 Ind. 173, 54 Am. Rep. 304. We think the trial court committed reversible error in so instructing the jury.

Judgment reversed, and cause remanded, with directions to the trial court to grant appellant's motion for a new trial.