## PICHON ET AL. v. MARTIN ET AL.

[No. 5,000. Filed March 29, 1905.]

1. APPEAL AND ERROR.—*Bill of Exceptions.—Signing.*—It will be presumed that the trial judge signed a bill of exceptions before filing where the record entry of March 26 shows that appellants' bill of exceptions "in these words (H. I.) is now filed, signed by the court," etc., even though the transcript sets out such bill before it shows the signing, where the record shows that the reporter's longhand manuscript of the evidence was filed February 12 and the bill was presented to the judge February 19. p. 169.

2. TRIAL.—*Evidence.—Erroneous Admission.—When Reversible.*—The erroneous admission of evidence is not reversible error when, from the whole evidence, it appears that the general result was not thereby changed. p. 170.

3. APPEAL AND ERROR.—*Judgment of Trial Court.—Presumption.*—The appellant must affirmatively show error by the record, every presumption being indulged in favor of the decision of the trial court. p. 170.

4. SAME.—*Evidence.—Objections.*—Only the objections to the admission of evidence urged in the trial court will be considered on appeal. p. 171.

5. EVIDENCE. — *Objection. — Highways. — Damages.* — Evidence in a highway condemnation proceeding that witness was offered a certain sum "if the public road was through there," is inadmissible on direct examination, and the objection that such evidence is "hearsay" is sufficient. p. 171.

6. SAME. — *Highways. — Damages.* — The question whether remonstrant's land would be enhanced in value by the establishment of a proposed highway, and the answer that it would, are both improper on direct examination. , p. 172.

7. HIGHWAYS.—*Damages.—Measure of.*—The difference in the value of the land with and without a proposed highway is the proper measure of damages in highway condemnation proceedings. p. 172.

8. SAME.—*Damages.—Benefits.—How Ascertained.*—No damages can be recovered by a remonstrant in a highway condemnation proceeding where the benefits to his land are as much as his damages. p. 173.

9. EVIDENCE.—*Incompetent.—Whether Admission of, Permits Rebuttal by.*—The admission of incompetent evidence of a matter outside of the issues, without objection, does not permit an adversary, over objection, to combat such evidence by other incompetent evidence. , p. 173.

10. SAME.—*Incompetent.—Whether Admission of, Permits Rebuttal by.*—The admission of incompetent evidence of a matter within the issues, without objection, permits an opponent, over objection, to introduce incompetent evidence of such matter. p. 173.

11. APPEAL AND ERROR.—*Trial.—Instructions.—Clerical Error.*—The use of the word "defendants" instead of "plaintiffs" will not preclude appellants from a hearing on the merits on appeal where the mistake is clerical, even though the presumption is that the record is true. p. 173.

12. TRIAL.—*Instructions.—Highways.—Damages.*—It is improper, in an instruction on the question of damages to lands on account of a proposed highway, to include in such instruction facts going to the public utility of such highway.  p. 174.

13. HIGHWAYS.—*Damages.—What Lands Considered.*—Only the specific body of real estate over which a proposed highway will pass can be considered in estimating a remonstrant's damages.  Other separate lands of remonstrant can not be considered.  p. 175.

14. TRIAL.—*Instructions.—Duty of Judge Where Two Issues.*—It is the duty of the judge to instruct separately on the issues in a case and confine the facts in an instruction to the issue concerned in such instruction.  p. 175.

From Allen Circuit Court; *J. H. Aiken,* Special Judge.

Petition by Julian J. Martin and others for the establishment of a public highway, against which Joseph J. Pichon and others remonstrate.  From a judgment for petitioners, remonstrants appeal.  *Reversed.*

*E. V. Harris,* for appellants.
*W. & E. Leonard,* for appellees.

MYERS, J.—Appellees filed a petition before the board of commissioners of Allen county, Indiana, to lay out and establish a public highway.  Viewers were appointed, who made a favorable report.  Appellants and others filed a remonstrance on the ground that the highway would not be of public utility.  John B. Mason filed a separate remonstrance, claiming damages on account of the location of the road across his farm.  Joseph J. Pichon and others, owners of certain land as tenants in common, filed a remonstrance, claiming damage by reason of the location of said highway through their land.  Reviewers were appointed, who reported in favor of the location of the highway across the lands of Mason and Pichon and others, and that the highway would be of public utility; also, assessing damages in favor of Mason in the sum of $65, and in favor of Joseph

J. Pichon and others in the sum of $25, and in favor of Alpheus Swift in the sum of $25. The report of the reviewers was in all things approved and adopted by the board of commissioners, and the road, by said board, ordered opened and established as prayed for in the petition. John B. Mason and Joseph J. Pichon and others, owners of two tracts of land crossed by said road, appealed from the order of the board to the Allen Circuit Court, where the case was tried before a jury, resulting in a verdict that the proposed highway is of public utility, etc., and assessing damages in favor of John B. Mason at $40, and in favor of Joseph J. Pichon and others at $15. Motion for a new trial overruled. Judgment on the verdict.

Mason and the owners of the Pichon estate appealed to this court, and assign as error the overruling of their joint and separate motion for a new trial.

It appears from the record that while perfecting the record for this appeal John B. Mason died testate, and Joseph A. Mason qualified as his executor, and as such is prosecuting this appeal, as are also the devisees of John B. Mason. The motion for a new trial contains thirty-nine reasons why it should be granted, but, as presented here, the only questions sought to be raised are based upon the admission and rejection of evidence, and the giving and refusing to give instructions to the jury.

1. Appellees insist that the evidence is not in the record, and therefore there is no question properly presented for our consideration. By reference to the record it appears from the certificate of the clerk of the lower court that the longhand manuscript of the evidence as made by the official court reporter was filed in his office on February 12, 1903. It also appears over the signature of the trial court that that part of the record designated as bill of exception number three, and containing the evidence, was presented to the court for examination and approval on the 19th day of February, 1903, and within the time given for the prepara-

tion of such bill, and that on the 26th day of March, 1903, it was signed by the court. On said last date the following order-book entry was made: "Come now the parties, and the remonstrants' bill of exception number three containing the evidence herein in these words (H. I) is now filed, signed by the court, sealed and ordered made part of the record herein." As the record comes to this court, the longhand manuscript and certificate thereto of the official court reporter is inserted after the letters H. I. Strictly speaking, the order-book entry would indicate that that part of the record containing the evidence was filed before it was signed by the court, yet when we take into consideration the fact that it was presented to the court for signature on the 19th day of February, nothing to the contrary appearing, it is presumed that the trial judge did his duty, and signed the bill of exception before he caused the same to be filed, and before ordering it to be made a part of the record. Therefore we hold that the evidence is in the record.

2. No doubt in the trial of every case wherein a considerable amount of testimony is introduced, questions and answers may be selected from the record, which, when considered alone, would seem to be reversible errors, but such questions and answers should be considered in connection with all the other testimony given by the witness, or, in fact, if, when considered along with all the other evidence in the case, it does not appear that such testimony affected the general result of the controversy, the error will be considered as harmless. *Sunnyside Coal, etc., Co.* v. *Reitz* (1896), 14 Ind. App. 478; *Miller* v. *Buchanan* (1894), 10 Ind. App. 474.

3. This court will indulge every presumption in favor of the regularity and correctness of the proceedings and judgment of the trial court. The burden is upon the party appealing to show affirmatively that the error of which he complains was such as would substantially affect his rights in the premises, or the case must be affirmed. If

upon the whole record "it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below," it is the duty of this court not to disturb the judgment. §§401, 670 Burns 1901, §§398, 658 R. S. 1881.

In the trial of this cause in the circuit court two issues were presented: (1) The question of public utility of the proposed highway; (2) benefits and damages accruing to the land caused by the location and opening of the proposed highway thereon.

Appellants claim a reversal of the judgment below: (1) Because of the admission of improper evidence over their objection; and (2) because the court refused to admit certain evidence.

4. We have carefully read nearly all the evidence in the record, and do not hesitate to say that quite a number of questions and answers complained of were clearly improper, but as the objections were insufficient the court committed no error in admitting the evidence. Only such reasons as were assigned in the trial court as objections to the introduction of evidence will be considered on appeal. All other objections are presumed to be waived. *Indiana Improv. Co.* v. *Wagner* (1894), 138 Ind. 658; *Rhea* v. *Crunk* (1895), 12 Ind. App. 23; *Gross* v. *Haisley* (1891), 2 Ind. App. 23; *Bass* v. *State* (1894), 136 Ind. 165.

5. To the evidence in the record, where an objection to its introduction was properly saved, we now give attention. A witness for appellees, on direct examination in rebuttal, after stating that he was the owner of thirty-one acres of real estate in the neighborhood of Mason's and Pichon's land, and that he was acquainted with the value of land in that neighborhood, referring to the land of the witness, was asked: "What is the highest offer, if any, you have been able to get, with the highway proposed?" To this question an insufficient objection was interposed, and the witness answered: "Well, sir, there is a real estate man right

here in Ft. Wayne—I did not ask who he was—that would give—I was offered if the public road was through there, they would give me $50 or $60 an acre if I had direct access to Ft. Wayne." A motion to strike out the answer, for the reason, among others, "that a portion of said answer is hearsay," was overruled. While the reason assigned was not the best which could have been given, yet that it was "hearsay" was sufficient, and the motion should have been sustained. *Perkins* v. *People* (1873), 27 Mich. 386; *Winnisimmet Co.* v. *Grueby* (1873), 111 Mass. 543; *Lehmicke* v. *St. Paul, etc., R. Co.* (1873), 19 Minn. 464; *Montclair R. Co.* v. *Benson* (1873), 36 N. J. L. 557.

6. Another witness for appellees was asked: "Would or would not the land of Mason's—that is, the forty-eight acres —now be affected; that is, be aided, made better or worse, or what, if the road is established?" To this question appellants objected "for the reason that it is explanatory, and suggestive to the witness. It is not a proper question to propound to a witness, as a question asking for opinion evidence." The objection was overruled, and the witness answered: "Well, I think it would advance the price somewhat." Similar questions were asked other witnesses, and similar answers given as stated by the witness last above quoted. That such questions and answers were improper there can be but little doubt. In view of the large amount of competent evidence on the question of benefits and damages, we would not feel authorized to disturb the judgment for these errors, if the record were otherwise clear. The evidence is so nearly akin to the opinion of witnesses as to the amount of benefits or damages sustained by the party whose land is appropriated as to require its exclusion on direct examination. *Yost* v. *Conroy* (1884), 92 Ind. 464, 47 Am. Rep. 156.

7. The measure of damages for an injury to land in opening a highway through it, is the difference between the market value at the time with the highway and its market

value without the highway. *Watson* v. *Crowsore* (1884), 93 Ind. 220; *Goodwine* v. *Evans* (1893), 134 Ind. 262; *Hire* v. *Kniseley* (1892), 130 Ind. 295; *Sidener* v. *Essex* (1864), 22 Ind. 201; *Yost* v. *Conroy, supra.*

8. "If the benefits equal or exceed the damages, there can be no recovery for the latter." *Renard* v. *Grande* (1902), 29 Ind. App. 579.

9. It is next insisted that the court erred in excluding testimony whereby it was sought to prove that other lands of appellants', not a part of the same body, and not connected with the lands through which the proposed highway runs, would not be benefited by the proposed road. The purpose of this offer, as we take it, was to combat appellees' testimony, introduced without objection, tending to prove that such land would be benefited. All this evidence was on a collateral matter and incompetent. This court has answered adversely appellants' contention in the language following: "The mere fact that an attorney is, without objection, permitted to ask an irrelevant question, and obtain an answer to it, can not be used to open the doors for the admission of evidence of facts purely collateral to the issues. Such a course would tend to make the litigation almost interminable, and cause the fundamental and paramount issues of a cause to be lost sight of. There was no error in the ruling." *Indianapolis Journal, etc., Co.* v. *Pugh* (1893), 6 Ind. App. 510.

10. The rule is different where the fact is one within the issues, and proof is made by incompetent evidence without objection. *Judd* v. *Small* (1886), 107 Ind. 398; *Graves* v. *State* (1889), 121 Ind. 357; *Stodwell* v. *State, ex rel.* (1885), 101 Ind. 1.

Lastly, appellants contend that the court erred in giving to the jury each of the instructions requested by appellees.

11. It is perfectly plain on the face of the record that a clerical error was made by appellants in taking their exceptions to the instructions tendered by appellees and by

the court given to the jury in the use of the word "defendants," when it was clearly their intention to use the word "plaintiffs." While it is true, as appellees insist, that the record is supposed to import absolute verity, yet, when it is manifest from the record that the mistake is clearly clerical, it should not be indulged to prevent a hearing on the merits of the case.

12. Instruction twelve requested by appellees, and by the court given to the jury, is very long, and we quote only. so much of it as will illustrate its erroneous features. This instruction is solely on the question of benefits and damages, and the court undertook to tell the jury what they should consider in estimating benefits, and we quote the following: "In ascertaining or assessing the damages suffered by one who has property taken for public use, it is necessary to consider in connection therewith any and all benefits that he may receive on account of such proposed improvement, if any; and in fixing and ascertaining such benefits it is necessary to take into consideration all the roads in the vicinity of such proposed highway. * * * The fact, if it be a fact, that the gravel-pits are so located in that immediate neighborhood that over this proposed road a more direct route is afforded to enable the gravel to be more quickly and cheaply distributed upon the roads of the township; the fact, if it be a fact, that the proposed highway will enable any number of residents of such vicinity to reach Robinson park by a more direct route than now exists; the fact, if it be a fact, that it will afford the remonstrators residing along the Leo road quick and easy access to that territory north of their lands and of the place of the proposed road without going miles around; the fact, if it be a fact, that such new road through the lands of the remonstrators will afford them access to portions or all of their said lands without devoting parts of them to lanes and private ways; together with all other facts and circumstances disclosed by the evidence that may enable you

to determine the benefits enjoyed by the establishment of such highway and damages, if any, suffered by the remonstrators." That part of the instruction referring to gravel-pits, and what the highway would enable other residents of that vicinity to do, and that by opening the road it would furnish remonstrators quick and easy access to the territory north of the lands on which the proposed road was to be located, without further explanation or qualification, was not proper to be included in an instruction solely on the question of benefits and damages, as these were facts going to the public utility of the road. It was also error to tell the jury, without any explanation, that they might consider, in assessing benefits, "all other facts and circumstances disclosed by the evidence that may enable you to determine the benefits enjoyed by the establishment of such highway."

13. We think the law well settled that the jury in cases of this kind are only authorized to consider benefits and damages as specially applied to the specific real estate over which the road is laid out. If benefits accrued to other lands of appellants, not belonging to the same body of lands over which the proposed road is laid out, by the opening of this road, or by the opening of the road it made it less expensive to the county or township in hauling gravel to repair other roads, or it made it more convenient for travel to other residents in that vicinity, these were benefits enjoyed alike by all the landowners in the neighborhood of the proposed highway, and were common benefits to all, and which the remonstrators enjoyed in common with other landowners, and were not properly chargeable to remonstrators as a set-off against damages caused by the opening of the highway over the particular land abutting on such highway. *Evansville, etc., R. Co.* v. *Charlton* (1893), 6 Ind. App. 56; *Todd* v. *Kankakee, etc., R. Co.* (1875), 78 Ill. 530; *State* v. *Digby* (1841), 5 Blackf. 543.

14. In *Angell* v. *Hornbeck* (1903), 31 Ind. App. 59,

this court said: "The authorities are agreed that where facts are given in evidence upon two issues, as in this case, the instructions of the court when instructing on any one issue should confine the jury to the matter as presented in said issue on which the instruction was given." The law as announced by the court in the case of *Angell* v. *Hornbeck, supra,* is well supported by authority, and, as bearing upon this question and in support thereof, we cite *Lipes* v. *Hand* (1886), 104 Ind. 503.

In view of the fact that we find no other instruction given to the jury in this case which would in anywise tend to lessen the damaging effect of instruction No. 12, this case should be reversed.

Judgment reversed.