WESTERN MICHIGAN UNIVERSITY BOARD OF
TRUSTEES *v.* SLAVIN.

1. EMINENT DOMAIN—VALUE—EVIDENCE—SALES CONTRACT.
   Sales contracts or offers are suspect as tools in condemnation
   evaluations, because such evidence is prone to be fraudulent
   and uncertain.

2. SAME—VALUE—EVIDENCE—SALES CONTRACT—ADMISSIBILITY.
   A sales contract or offer submitted as evidence of the value of
   land being condemned must be bona fide, and the parties must
   be able to perform, to make it admissible.

3. SAME—VALUE—EVIDENCE—SALES CONTRACT—EXCLUSION—DISCRE-
   TION OF COURT.
   Refusal by trial court to allow admission of purported sales
   contract in evidence to show value of land being condemned
   *held,* not an abuse of discretion, where the only proof that
   purchaser corporation could fulfill its obligations under the
   contract was the unsupported testimony of a witness, who
   claimed to be an officer of the corporation, that he had seen
   the reports of the corporation and that it had the neces-
   sary funds or capital-raising potential to carry out the
   purchase.

4. SAME—NECESSITY OF TAKING—DETERMINATION BY BOARD—PRIMA
   FACIE EVIDENCE.
   Determination by board of trustees of State university that
   taking of certain lands is necessary is prima facie evidence
   of necessity of taking in condemnation proceedings.

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 27 Am Jur 2d, Eminent Domain § 428.
  Admissibility, in eminent domain proceedings, of evidence as to
     price paid for condemned real property on sale prior to the
     proceeding. 55 ALR2d 791.
[4, 5] 27 Am Jur 2d, Eminent Domain § 404.
[6] 27 Am Jur 2d, Eminent Domain § 390.
[7] 58 Am Jur, Witnesses § 872.
  Propriety and correctness of instructions regarding maxim "falsus
     in uno, falsus in omnibus." 90 ALR 74.
[8] 27 Am Jur 2d, Eminent Domain § 471.
[9] 5 Am Jur 2d, Appeal and Error § 1009.

5. Same—Necessity—Evidence.

Declaration by board of trustees of State university that it is necessary to the well-being of students to provide grouped student residential facilities with open spaces and recreational and park areas close to student dormitories, supported by testimony of board members and faculty members that planned park and recreational areas are important to physical and psychological well-being of students, was competent evidence to go to jury on question of necessity of taking appellants' lands for building of dormitories, as against contention that buildings could be built on lands planned for park and recreational areas, and that taking other lands was not necessary.

6. Same—State University—Authority.

Board of trustees of a State university *held*, to have necessary authority to condemn lands for building dormitories by virtue of statute establishing board and giving it general powers, and concurrent resolutions of legislature which approved acquisition of lands and construction of dormitories (PA 1963, [2d Ex Sess], No 48, as amended by PA 1964, No 14; HCR No 61 [1962]; HCR No 58 [1964]).

7. Witnesses—Credibility—Instruction.

Correct rule of credibility of witnesses is that, if testimony of witness is false in one aspect, jury *may* disregard it entirely, not that jury *must* disregard it entirely.

8. Eminent Domain—Award—Limits.

A condemnation award is not disturbed on appeal if within the range of that which is presented as competent, expert testimony.

9. Costs—Public Question—Condemnation of Land for University.

No costs are awarded on appeal by landowners on grounds that no necessity was shown for taking of lands by State university for building of dormitories, and that award of damages was insufficient, a public question being involved.

Appeal from Kalamazoo; Sweet (Lucien F.), J. Submitted Division 3 December 9, 1966, at Lansing. (Docket No. 2,275.) Decided March 14, 1967. Leave to appeal granted June 8, 1967. See 379 Mich 768.

Western Michigan University Board of Trustees brought condemnation proceedings against lands owned by Leon Slavin and Ruth Slavin. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Hardy, Starr & Ferency* and *Ford, Kriekard, Brown & Staton,* for plaintiff.

*Badgley, Domke, Morrison, McVicker & Marcoux* and *Bauckham & Reed,* for defendants.

McGREGOR, J.   This appeal arises out of eminent domain proceedings initiated by the board of trustees of Western Michigan University. Appellants own undeveloped and wooded land adjacent to the University's land. There is dispute whether the parcel comprises approximately 40.09 acres or approximately 38 acres of land; however, this difference is not as serious as it could be, as the adjoining land of the acquiring university is also undeveloped and wooded. In May, 1964, the University was granted authority by the legislature to construct residence halls and a food service center to accommodate 1,100 students. In November of 1964, the board of trustees adopted a resolution declaring it would be necessary to take the subject parcel for public purposes.

During the 14–1/2-day trial, which produced a voluminous record, there was introduced widely divergent expert testimony as to the value of the parcel. The appellee introduced two expert witnesses who both testified the highest and best use for the land was for single-family residences, and set the value at $29,200 and $30,000 respectively.

Appellant introduced two expert witnesses who set the highest and best use of the land as for

development of multifamily apartment buildings, and set the value at $414,000 and $476,500 respectively. The appellants were prohibited by the trial judge from introducing into evidence a purported sales contract between the appellants and an Ohio corporation, wherein the subject parcel would be sold for apartment-house development for $620,000 less costs of streets, sewers, and water lines on the property.

The jury returned a verdict declaring the necessity of taking the property and set just compensation of $145,000. Judgment was entered confirming that verdict.

This appeal was filed after appellants' motions for judgment notwithstanding the verdict and for a new trial were denied.

This appeal proceeds on several claims of error and theories. Appellants claim error in that the purported sales contract with the Ohio corporation was refused admission by the trial judge, that there was insufficient evidence from which the jury could determine the necessity of taking the subject parcel, that the appellee lacked the necessary authority to condemn the subject parcel, that instructions to the jury on the credibility of witnesses was inadequate, and that the verdict of the jury was inadequate and without evidentiary support.

Evidence of sales contracts or offers traditionally have been suspect as tools in condemnation evaluations. See Annotation, 7 ALR2d 781 (1947). Such evidence is prone to fraud and uncertainty. *Sharp v. United States* (1903), 191 US 341 (24 S Ct 114, 48 L ed 211). Certainly such offers must be bona fide and the parties capable of performance. *City of Kalamazoo v. Balkema* (1930), 252 Mich 308; *City of Grand Rapids v. Ellis* (1965), 375 Mich 406. In this case, an Ohio corporation purportedly entered into the contract of purchase; however, there

was insufficient proof that the corporation could
fulfill its obligation under the contract. There is
only the unsupported testimony of a witness, who
claimed to be an officer of the aforesaid corporation,
that he had seen the reports of the corporation and
that it had the necessary funds or capital-raising
potential to carry out the purchase. The trial court
did not abuse its discretion in refusing to allow the
admission of the proffered sales agreement, as there
was insufficient foundation laid by the appellant to
insure the reliability of the evidence.

The argument was presented by the appellants
that the board of directors of Western Michigan
University did not present sufficient evidence of the
necessity of taking the subject parcel for the ques-
tion to go to the jury. Appellants argued that the
board did not show the necessity of approving a
campus development plan encompassing the appel-
lants' land and maintaining land owned by the
university, adjacent to the subject parcel, as a
recreational and nature-study area. Appellants'
counsel argued that today's youth are no longer
interested in the "birds and the bees", thus the
proposed nature park is foolhardy. It is this
Court's opinion that such an argument is unfortu-
nate and ill-informed. The board of trustees of
Western Michigan University has the responsibility
of maintaining an institution to educate several
thousand students. Const 1963, art 8, § 6, P.A. 1963
(2d Ex Sess), No 48, as amended (Stat Ann 1965.
Cum Supp § 15.1120[1] *et seq.*). Its determination
of necessity is prima facie evidence of necessity.
*City of Allegan* v. *Vonasek* (1932), 261 Mich 16;
*In re Acquisition of Land for Civic Center* (1953),
335 Mich 582. There was testimony by the members
of the board of trustees and the faculty of the uni-
versity that the park and recreational areas planned
are important to the physical and psychological well-

being of the students. The board of trustees declared, and supported with testimony, that it is necessary to the well-being of the students to provide grouped student residential facilities, with open spaces and recreational and park areas close to student dormitories. Such testimony was competent evidence to go to the jury on the question of necessity.

The appellants seem to argue that the proper course for university development is to place future buildings by considering only where there is physical room for them and where the ground is proven capable of supporting such buildings. There was testimony of experts on drainage and sewer facilities that supports the proposition that the proposed park area would be undesirable for dormitories even under the appellants' limited criteria for adequate construction sites. Thus, under the theories of both the appellants and appellee, we find the jury had sufficient basis for the finding that it was necessary for the subject parcel to be taken for a public purpose.

As to the argument that the board of trustees lacked the requisite legal authority to condemn the subject parcel, we find that it had the necessary authority by virtue of PA 1963 (2d Ex Sess), No 48, as amended by PA 1964, No 14 (Stat Ann 1965 Cum Supp § 15.1120[8]); House Concurrent Resolution No 61 (1962), House Journal, pp 1302, 1934; and House Concurrent Resolution No 58 (1964), House Journal, pp 850, 1824, which specifically authorized the construction of the new dormitories for Western Michigan University.

The appellants claim that there was an improper instruction as to the credibility of witnesses in that there should have been an instruction that, if the testimony of a witness was false in one regard, it was false in the whole. Appellants' attorney noted

his exception to the charge in this regard immediately after the charge. The trial judge refused to modify his charge on the grounds that it was adequate as given. We agree. The proposed charge would have been incorrect. If the testimony is false in one aspect, the jury *may* in its discretion, disregard the entire testimony, or it may give credence to other testimony supported by other witnesses or evidence. *People* v. *Johns* (1953), 336 Mich 617; *People* v. *Hunter* (1963), 370 Mich 262. It is the opinion of this Court that reversible error was not committed by the trial court in charging the jury.

The precedent in Michigan is that condemnation awards are not disturbed on appeal if within the range of competent evidence. *Department of Conservation* v. *Connor* (1947), 316 Mich 565. The decision of the lower court is affirmed, as within the range of what was presented as competent, expert testimony. No costs, a public question being involved.

T. G. KAVANAGH, P. J., and J. H. GILLIS, J., concurred.